William **CAMPBELL**

v.

**SACRED HEART HOSPITAL, health care provider by contract to Delaware County Prison, and Kevin Duffy, Medical Coordinator, Delaware County Prison.**

Civ. A. No. 79–275.

United States District Court, E. D. Pennsylvania.

Aug. 19, 1980.

David N. Hofstein, E. Jeffrey Walsh, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

Charles T. Roessing, White & Williams, Philadelphia, Pa., for defendant.

## MEMORANDUM

SHAPIRO, District Judge.

This civil rights case brought under 42 U.S.C. § 1983 is before the court on a motion of defendants for summary judgment.* Plaintiff, an inmate at Delaware County Prison, claims that defendants denied him proper medical treatment by refusing to treat him for narcolepsy or drug abuse and that his Fourth, Eighth and Fourteenth Amendment rights were violated thereby.

Plaintiff first entered Delaware County Prison on October 21, 1978 for pretrial detention and an alleged violation of parole. Soon after his entrance plaintiff notified prison medical personnel that he suffered from the disease of narcolepsy and was taking medication for his condition prior to his incarceration, which medication was taken from him at the time of his arrest; he requested medication for his illness at that time. On October 23, 1978 plaintiff was placed in the prison infirmary for observation. Plaintiff alleges that he was neither examined nor treated during his stay at the infirmary. Four days later defendant was discharged from the infirmary without receiving any medication, and as far as the record shows, he has still received no medication for narcolepsy.

There is some evidence that defendants suspected that drug abuse by plaintiff rather than narcolepsy was his reason for seeking medication. As an additional claim, plaintiff alleges that he was never informed of a diagnosis of drug abuse and that the failure of defendants to provide treatment for drug abuse, if such a diagnosis had been made, constituted a constitutional violation.

---

* The motion was originally filed as a motion to dismiss pursuant to F.R.Civ.P. 12(b); however, further discovery has been taken and following notice from the court to counsel the issue is now before us on the record as a whole and the motion will be treated as one under F.R.Civ.P. 56.

In order to prove a violation under 42 U.S.C. § 1983 because of lack of medical treatment, a prisoner must prove that defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Neglect, carelessness or malpractice do not constitute cruel and unusual punishment in violation of the Constitution but are properly the subject of a tort action. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). Under this standard, prison medical authorities are given considerable latitude in the diagnosis and treatment of the medical problems of inmate patients.

> Counsel will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment.' *Bouring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

*Inmates of Alleghany County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

In this case the record is clear that plaintiff was placed in the infirmary immediately after his medical complaints were made during a routine physical examination and history the day after his entrance to the prison. While in the infirmary he was watched by the hospital staff. There is a factual dispute as to whether the staff's observation of plaintiff was a sufficient clinical observation to diagnose narcolepsy, but it is clear that medical staff were present in the infirmary and did at least occasionally observe plaintiff during his infirmary stay. While in the infirmary, plaintiff was given a neurologic and a heart and lung examination by a general physician and was examined by a psychiatrist. After four days in the infirmary plaintiff was discharged because no clinical evidence of narcolepsy had been found. The general physician did find symptoms of amphetamine abuse at the time of his examination.

Almost nine months after plaintiff's discharge from the infirmary, he again complained of narcolepsy and a short time later he was examined by a physician. An electroencephalogram (EEG) was ordered and performed at that time. The results of the EEG were normal and medication was not prescribed.

Plaintiff claims that the medical attention he received was insufficient for diagnosis of narcolepsy especially in light of his report of a twenty-year history of narcolepsy to the prison medical authorities. He claims that there is no evidence that any doctor ever definitively determined that he was not suffering from narcolepsy and that two doctors recommended continued treatment with medication pending a definitive diagnosis. Although he received some medical attention, he argues that this amounted to "easier and less efficacious treatment" resulting from deliberate indifference and constitutes a violation of Eighth Amendment rights under the standard set out in *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978). Plaintiff also claims that material issues of fact exist and therefore summary judgment is inappropriate.

This court has carefully reviewed the record particularly to determine if material factual issues are in dispute. We have determined that although there are some specific facts that are still disputed, they are not material to a decision. The medical records, depositions and affidavits establishing the treatment which plaintiff received sufficiently resolve factual issues so that a decision on the merits is proper. *See, U. S. ex rel. Walker v. Fayette County, Pa.*, 599 F.2d 573, 576 at n. 6 (3d Cir. 1979) quoting *Estelle v. Gamble, supra*, 429 U.S. at 113, 97 S.Ct. at 295 (Stevens, J. dissenting).

It is clear that plaintiff was kept in the prison infirmary for four days and observed or examined by medical staff at various times, particularly to determine if plaintiff suffered from narcolepsy. As plaintiff notes, at several points in the medical record a doctor suggested that plaintiff could be suffering from narcolepsy; different entries suggest he was suffering from drug abuse or a personality disorder. It is clear that the staff did not reach agreement on whether plaintiff was suffering from a medical problem or what that problem was. The final decision was to

release plaintiff into the general prison population without any medication or other treatment. According to plaintiff's deposition, when he next informed a member of the prison medical staff of continuing problems with narcolepsy, at the time of treatment for a burn of his finger, he was again examined and an EEG was performed soon thereafter.

It is quite possible that the prison medical diagnosis and treatment of plaintiff was wrong. It appears from the record that narcolepsy is a rare disease and difficult to diagnose. But it is unnecessary to determine whether or not the medical judgment made was a proper one. It is clear that medical treatment was given and that if the treatment was inefficacious, it was not due to the deliberate indifference of defendants.

Plaintiff might be able to prove at trial that defendants were negligent or perhaps answerable for malpractice, but that is not sufficient to make out a § 1983 claim. *Estelle v. Gamble, supra* ; *Murrell v. Bennett,* 615 F.2d 306 (5th Cir. 1980). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble, supra,* 429 U.S. at 106, 97 S.Ct. at 292.

Similarly, defendants' failure to inform plaintiff of a diagnosis of drug abuse or to treat him for that problem, like the defendants' treatment of his narcolepsy complaint, did not result from deliberate indifference, but rather from a medical decision—the decision to release plaintiff from the infirmary following observation of some drug abuse symptoms but no definitive determination as to the existence or exact nature of plaintiff's medical problem. Again, it may have been negligent or poor medical judgment not to continue to seek a definitive diagnosis of plaintiff's condition, but in view of the effort to diagnose the problem, we do not find the decision to release plaintiff without treatment in the face of inconclusive findings a deliberate indifference to plaintiff's medical needs.

As we have determined that defendants' actions do not constitute deliberate indifference, we need not address whether the plaintiff's medical needs were serious.

Summary judgment will be entered for defendants.