**Michael LIMBERT**

v.

**Dr. Kenan UMAR, Donald J. McMonagle, Dr. Richard Whittaker, Dr. Francis Collins, Dr. Ronald Carlucci.**

Civ. A. No. 82–4703.

United States District Court, E.D. Pennsylvania.

Aug. 19, 1983.

Wanda D. Foglia, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff.

Mary Butler, Deputy Atty. Gen., Com. of Pa., Philadelphia, Pa., for defendants Umar, Collins and McMonagle.

Medford J. Brown, III, Masterson, Braumfeld, Himsworth & Maguire, Norristown, Pa., for defendants Carlucci and Whittaker.

## OPINION

LUONGO, Chief Judge.

This case has been filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate of the State Correctional Institution at Graterford (SCIG). He alleges that the medical care he received for his knee problem was so inadequate that it amounted to a violation

of his Eighth Amendment right to be free from cruel and unusual punishment. Currently before me are all defendants' motions for summary judgment.

While an inmate at Graterford in February, 1982, plaintiff injured his knees playing basketball. At that time, he was examined by a doctor at SCIG who is not named in this complaint. Plaintiff was seen by defendant, Dr. Collins, two times in April. Dr. Collins had x-rays taken, prescribed medication, and referred plaintiff to the general surgery consultant at Graterford, defendant, Dr. Carlucci. After examining him, Dr. Carlucci determined that plaintiff should be seen by an orthopedist and referred him to the orthopedic consultant to Graterford, defendant, Dr. Whittaker. Dr. Whittaker diagnosed plaintiff as having a possible torn lateral meniscus in his right knee. Dr. Whittaker determined that an arthroscopy was necessary and requested authorization from defendant, Dr. Umar, to schedule the procedure. Dr. Umar, Medical Director at SCIG, denied the authorization.

In order to grant summary judgment, I must find that the record clearly establishes the existence of "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To prevail in this case, plaintiff must show that defendants' actions constituted "deliberate indifference to plaintiff's serious medical needs," *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and each defendant's personal involvement in the Eighth Amendment violation, *Polite v. Diehl*, 507 F.2d 119 (3d Cir.1974). I will apply these standards to each defendant.

*Donald McMonagle* is the Hospital Administrator at SCIG. Plaintiff has made no allegation against Mr. McMonagle. As a matter of fact, this defendant appears in the complaint only in the caption. There is no allegation of any personal involvement by Mr. McMonagle in the refusal to provide an arthroscopy. Summary judgment will be granted.

*Dr. Collins* saw plaintiff two times in relation to his knee problem. He ordered x-rays, prescribed medication for plaintiff's pain, and referred him to Dr. Carlucci for consultation. Plaintiff contends that this treatment was inadequate because Dr. Collins failed to "examine" plaintiff's knees. Plaintiff may not, however, demand a particular type of treatment as long as treatment is provided. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Campbell v. Sacred Heart Hospital*, 496 F.Supp. 692 (E.D.Pa.1980). I see no way in which Dr. Collins' actions were deficient. However, even if the care provided by defendant were negligent, such negligence would not establish an Eighth Amendment violation. *Roach v. Kligman*, 412 F.Supp. 521 (E.D.Pa.1976). There can be no doubt that defendant's actions do not rise to the level of "deliberate indifference." Summary judgment will be granted.

*Dr. Carlucci* saw plaintiff on referral from Dr. Collins. Plaintiff does not deny that Dr. Carlucci examined him thoroughly, determined that he should be seen by an orthopedist, and referred him to Dr. Whittaker. Plaintiff contends that Dr. Carlucci's "deliberate indifference" was his failure to assure that plaintiff received the arthroscopy suggested by Dr. Whittaker. Plaintiff did, however, see the doctor to whom Dr. Carlucci had referred him. I find no duty for this defendant, particularly in his role as consultant, to have been further involved with plaintiff's care. Had such a duty existed, however, I could not find that defendant's breach of that duty would be anything more than negligence. Because negligent actions do not violate the Eighth Amendment, *Roach v. Kligman, supra*, I will grant summary judgment for Dr. Carlucci.

*Dr. Whittaker* also fully examined plaintiff. He determined that an arthroscopy should be performed and applied to Dr. Umar for the necessary authorization. Plaintiff claims that his failure to follow up to assure that the arthroscopy was performed rises to the level of "deliberate indifference." While plaintiff's argument is stronger here than in regard to Dr. Carlucci, I find it unpersuasive here as well. I conclude as a matter of law that, in his

capacity as a consultant, Dr. Whittaker's failure to follow up could rise no higher than negligence. Summary judgment will therefore be granted.

*Dr. Umar* examined plaintiff's knees on several occasions. On October 21, he decided to deny the request for an arthroscopy. Plaintiff characterizes this refusal as "deliberate indifference," bolstering his argument with affidavits from Dr. Lawrence Guzzardi who examined plaintiff's knees and medical records. Dr. Guzzardi stated, in rather conclusory terms, that the denial of an arthroscopy for plaintiff was "deliberate indifference" to "serious medical needs." Dr. Umar, on the other hand, detailed in his affidavit the medical treatment he had provided and contended that his refusal of the arthroscopy involved only a difference of medical opinion. Although the plaintiff may not demand a particular type of treatment, *Campbell, supra,* neither may defendant, through deliberate indifference, provide "an easier and less efficacious treatment" without risking a violation of plaintiff's Eighth Amendment rights. *West v. Keve,* 571 F.2d 158, 162 (3d Cir. 1978). I have, therefore, taken this defendant's motion for summary judgment under advisement and requested him to update his affidavit to include the most recent treatment accorded to plaintiff for this problem and the current status of plaintiff's knees. This may enable me to determine whether Dr. Umar's course of treatment may, in any way, be considered less efficacious due to deliberate indifference. Plaintiff will also be permitted to respond, if he so chooses. If plaintiff does respond, it should be with less conclusory affidavits.