**Michael LIMBERT**

v.

**Dr. Kenan UMAR.**

**Civ. A. No. 82–4703.**

United States District Court,
E.D. Pennsylvania.

June 26, 1984.

Wanda Foglia, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff.

Mary Butler, Deputy Atty. Gen., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by an inmate of the State Correctional Institute at Graterford (SCIG) alleging that several doctors' failure to provide him with an arthroscopic examination of a knee injury was such inadequate medical care that it violated his Eighth Amendment right to be free from cruel and unusual punishment.

In an earlier opinion I granted the summary judgment motions of all defendants except Dr. Umar, 568 F.Supp. 1223. Although I had serious doubts that Dr. Umar's choice of treatment for plaintiff could rise to the level of a constitutional violation, I requested defendant to reexamine Mr. Limbert's knees and inform me of the current status of his condition. I also afforded plaintiff the opportunity to submit further affidavits.

After a considerable delay,[1] plaintiff was reexamined by Dr. Bruce Menkowitz, the current orthopedic consultant at Graterford. Dr. Menkowitz submitted an affidavit stating his opinion that an arthroscopy was not necessary. Dr. Menkowitz's report did not include findings of any serious injury.[2]

Plaintiff submitted a second affidavit from Dr. Lawrence Guzzardi after he had had the opportunity to examine the plaintiff. Dr. Guzzardi attested that under a normal standard of care, plaintiff would receive an arthroscopic examination.

The affidavits of Drs. Guzzardi, Menkowitz and Umar clearly raise the issue of the necessity of an arthroscopy for plaintiff. That issue, however, is not material in determining if plaintiff's Eighth Amendment rights have been violated. The significant issue is whether this denial of an arthroscopy can in any way be characterized as "deliberate indifference" to "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). I have carefully examined all the affidavits and I am convinced that the issue in this case is one of a difference of medical opinion about the best treatment for plaintiff's knee problem. Even if plaintiff were able to prove that Dr. Umar's approach was not appropriate, the misconduct involved would amount to no more than negligence. Such negligence will not support an Eighth Amendment claim. *Gittlemacker v. Prasse*, 428 F.2d 1 (3d Cir.1970). I will therefore grant Dr. Umar's motion for summary judgment.*

---

1. The parties blame one another for the difficulty in arranging to have Mr. Limbert present for an orthopedic examination.

2. Defendant has submitted two other affidavits to support his contention that plaintiff's injury is not serious. The affiants affirm that plaintiff was able to work successfully in the SCIG kitchen and had been a member of an intramural basketball team in December 1983. These events occurred after Dr. Umar refused to provide an arthroscopy.

* Although her efforts were ultimately unsuccessful, I must note for the record the outstanding service performed by Ms. Wanda Foglia, plaintiff's counsel who served by court appointment. Ms. Foglia's efforts in representing her client do honor to the finest *pro bono* tradition of the Bar.