### Derrick COLEMAN

v.

### Thomas G. FRAME, Warden, et al.

### Civ. A. No. 94–0933.

United States District Court,
E.D. Pennsylvania.

Feb. 16, 1994.

---

ceiving a decision at the second step. The Commissioners or their designee, within ten (10) working days following the hearing, shall give the employee and Union a written decision. If the Union does not proceed with the grievance to the fourth step within the time limit prescribed in the following subsection and no extension of time is mutually agreed upon, the grievance shall be considered to be satisfactorily resolved.

Derrick Coleman, pro se.

## *MEMORANDUM*

ROBRENO, District Judge.

Plaintiff, an inmate at Chester County Prison, filed a *pro se* 42 U.S.C. § 1983 civil rights action against the Warden, the Deputy Warden for Treatment Services, and the Director of Inmate Services. Plaintiff alleges that he has not received proper medical treatment for an injury, and is now suffering from "persistent pain and headaches."

With his complaint, plaintiff filed a request to proceed *in forma pauperis*. As it appears he is unable to pay the cost of commencing this action, leave to proceed *in forma pauperis* is granted.

As for plaintiff's claim that he has not been provided proper medical treatment, a violation of the Eighth Amendment requires more than medical malpractice in a prison setting. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Only "unnecessary and wanton infliction of pain" or "deliberate indifference to serious medical needs of prisoners" are so outrageous to be sufficient to rise to the level of a constitutional violation. *Id.* at 104, 97 S.Ct. at 291; *see also White v. Napoleon*, 897 F.2d 103, 108–109 (3d Cir.1990). Courts have held consistently that "as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir.1990); *see also Youngberg v. Romeo*, 457 U.S. 307, 322–323, 102 S.Ct. 2452, 2462, 73 L.Ed.2d 28 (1982).

In the case at bar, following his injury plaintiff was examined by the prison physician, x-rays were taken, and a determination was made that his injury was not life threatening. Plaintiff was prescribed pain medication, however, he asserts that this medication has been ineffective. While plaintiff may disagree with the efficacy of the treatment provided to him, the conduct he complains of does not amount to a constitutional violation. Plaintiff may not demand a particular type of treatment as long as some treatment is provided. *Wright v. Collins*, 766 F.2d 841 (4th Cir.1985); *Campbell v. Sacred Heart Hospital*, 496 F.Supp. 692 (E.D.Pa.1980).

Plaintiff has also failed to allege that the defendants named in the complaint were involved in the matter at issue. To be liable in an action under § 1983, a defendant must have participated in, or had personal knowledge of and acquiesced in, the actions which deprived plaintiff of his constitutional rights.

*Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988).

Accordingly, this complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). An appropriate order follows.

## ORDER

**AND NOW,** to wit, this 16th day of February, 1994, since it appears plaintiff is unable to prepay the costs of commencing this suit pursuant to 28 U.S.C. § 1915(a), **IT IS ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED.**

2. The Complaint is **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(d).