

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2007

# Ascenzi v. Diaz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2289

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ascenzi v. Diaz" (2007). *2007 Decisions*. Paper 458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-357                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2289
_____

MICHAEL J. ASCENZI,
                              Appellant

v.

DOCTOR R. DIAZ; J. MATALONI;
DR. GUNNAR KOSEK

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01656)
District Judge: Honorable Thomas I. Vanaskie
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 23, 2007

BEFORE:  SLOVITER, CHAGARES and COWEN, <u>CIRCUIT JUDGES</u>.

(Filed:  September 7, 2007)
_____

OPINION
_____

PER CURIAM

     Appellant Michael Ascenzi, currently an inmate at the Retreat State Correctional

Institution ("SCI-Retreat") in Hunlock Creek, Pennsylvania, filed an <u>in</u> <u>forma</u> <u>pauperis</u>

civil rights complaint against Dr. Gunnar Kosek, a physician at the Luzerne County

Prison, Dr. Renato Diaz, a contract physician at SCI-Retreat, and Joseph P. Mataloni, SCI-Retreat's Health Care Administrator. Ascenzi alleged that, while he was incarcerated at the Luzerne County Prison and SCI-Retreat, defendants were deliberately indifferent to his medical needs, in particular, his need for narcotic pain relievers and corrective surgery for two herniated cervical discs. Ascenzi also asserted that, on two separate occasions, defendants were deliberately indifferent to his skin infections. Ascenzi sought medical attention in the form of an orthopaedic consultation and surgery for his neck, as well as compensatory and punitive damages.

In an order entered on March 30, 2007, the District Court granted defendants' motions to dismiss for failure to state a claim upon which relief may be granted. The court reasoned that the action could not proceed because Ascenzi's allegations of inadequate care did not rise to the level of deliberate indifference, see Farmer v. Brennan, 511 U.S. 825, 842 (1994), and because defendant Mataloni was aware that Ascenzi was being treated by the institution's physician for various ailments. Mataloni could not be found deliberately indifferent under the Eighth Amendment simply because he deferred to the medical judgment of Ascenzi's treating physician. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). Ascenzi appeals and has been granted leave to proceed in forma pauperis on appeal.

Deliberate indifference to serious medical needs is a violation of the Eighth Amendment and actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97 (1976). However, mere disagreements over the type or amount of care provided do not

2

state an Eighth Amendment claim. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). See also United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Ascenzi's complaints were evaluated by the medical staff, and he received treatment in the form of medications (including pain medications and antibiotics) and diagnostic x-rays. The circumstances alleged do not amount to deliberate indifference to serious medical needs. We further agree with the District Court that granting Ascenzi leave to amend the complaint a second time would have been a futile act. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i) as it is lacking in legal merit. Neitzke v. Williams, 490 U.S. 319 (1989).

3