ELD-001                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1598
_____

LARRY DALE JOHNSON,
                              Appellant

v.

MICHAEL CASH, (Doctor of Osteopathy);
JAMES KREPPS, "JIM" (Physicians Assistant) and
unidentified medical providers and correction officers
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00158)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B),
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 8, 2013

Before: RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 11, 2013 )
_____

OPINION
_____

PER CURIAM

Pro se appellant Larry Dale Johnson seeks review of the District Court's order dismissing his civil rights complaint brought pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Because this appeal does not present a substantial question, we will summarily affirm.

Johnson, a federal inmate, filed a Bivens action against Michael Cash, medical director at the Federal Correctional Institution at Loretto (FCI-Loretto). The complaint alleged that Cash was deliberately indifferent to Johnson's medical needs in violation of the Eighth Amendment. At the initial screening, the Magistrate Judge recommended that the complaint be dismissed sua sponte for failure to state a claim. Johnson was provided an opportunity to amend his complaint to cure the defects. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The complaint was amended to include defendants James Krepps, a physician's assistant, as well as unidentified medical providers and correction officers at FCI-Loretto. The amended complaint was dismissed for failure to state a claim and leave to amend was denied as "inequitable." A subsequent motion for reconsideration was denied, and this appeal ensued.[1]

---

[1] The appeal was initially listed for possible dismissal due to a jurisdictional defect. Because it appeared that Johnson never received a copy of the final order, we remanded the matter and directed the District Court to construe Johnson's filings as a motion to extend the time to appeal pursuant to Fed. R. App. P. 4(a)(6). The District Court subsequently granted the Rule 4(a)(6) motion, and Johnson timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive a motion to dismiss, a complaint must "state a claim that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

To succeed on his Eighth Amendment claim, Johnson must prove that (1) objectively the deprivation of a basic human need was "sufficiently serious" and (2) subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The subjective component is satisfied by demonstrating that the prison official acted with deliberate indifference. Id. at 302. The District Court found that Johnson had adequately demonstrated that he had a serious medical condition – degenerative disc disease -- but that he failed to allege any facts that indicate the defendants were aware of any serious medical need that they were not treating.

In his complaint,[2] Johnson alleged that defendants were deliberately indifferent to his medical needs when they failed to provide him with adequate medical care for his degenerative disc disease or transfer him to a medical facility. Specifically, he maintained that defendants failed to follow the course of treatment recommended by his private (non-prisoner) medical providers, including an MRI, x-rays, and surgery. In reviewing the sufficiency of a complaint, a court may consider any documents attached

---

[2] The initial complaint was incorporated into the amended complaint.

thereto.  Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).  The attachments to the complaint evidence that defendants neither ignored Johnson's medical condition nor provided grossly inadequate care.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994) (deliberate indifference requires more than negligence).  Indeed, in the two months he was housed at FCI-Loretto, Johnson was evaluated by the medical staff, received treatment in the form of injections for pain, and was prescribed (although he refused to take) pain medication.

The record indicates that Johnson has, at most, a disagreement with the course of treatment being provided by the prison medical staff.  The failure to perform x-rays or order additional diagnostic tests does not rise to the level of cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 107  (1976) (the failure to perform an X-ray or to use additional diagnostic techniques does not constitute cruel and unusual punishment but is at most medical malpractice).  Moreover, his allegation that he requested a four-wheeled walker with a seat, but was given a two-wheeled walker instead is wholly insufficient.  See United States ex. rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").  To the extent that Johnson believes he should have received a different course of treatment, his claim fails as a matter of law.  See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (a difference of medical opinion

4

does not constitute deliberate indifference); see also McCracken v. Jones, 562 F.2d 22, 24

(10th Cir. 1977) (a prison doctor's use of a different treatment regimen than that

prescribed by a private physician does not amount to deliberate indifference for purposes

of the Eighth Amendment).

Because the facts here are simply insufficient to support a deliberate indifference

claim, the complaint was properly dismissed.[3] We agree with the District Court that

granting leave to amend a second time would be unwarranted. Accordingly, we will

summarily affirm the appeal.

---

[3] Although it was not directly addressed by the District Court, to the extent Johnson
sought to plead a claim for the denial of access to the courts, the claim is properly
dismissed as vague and conclusory. See Iqbal, 556 U.S. at 678 (a complaint must contain
more than "'naked assertions' devoid of 'further factual enhancement.'" ) (citation
omitted).