**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2575
_____

WILLIE L. DAVIS,
                    Appellant

v.

S. BROWN; WARDEN B.A. BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-12-cv-01294)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 24, 2014

Before: SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: February 25, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant Willie Davis appeals from an order of the District Court granting

summary judgment to the defendants.  For the reasons that follow, we will affirm.

Davis, who is housed in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania, suffers from asthma. On January 12, 2012, pepper spray (Oleoresin Capsicum) was used to subdue another inmate in the SMU. Davis was affected and he suffered a severe asthma attack. He was taken to the prison Health Services and treated successfully. Following this episode, Davis submitted an informal request to staff asking that a sign be placed on his cell door instructing staff to remove him from the area before pepper spray is used in the SMU. According to Davis, Health Services Administrator S. Brown ignored his request.

Dissatisfied with Brown's lack of a response, in February, 2012, Davis submitted a grievance to Warden Bledsoe. Warden Bledsoe denied his request that a sign be placed on his cell door which instructed staff to remove him from the area prior to using pepper spray in the SMU, noting that Davis had been treated by the health services staff following the January, 2012 incident, and advising Davis to take any future medical concerns to the medical personnel who were treating him. Several months later, on June 8, 2012, Davis suffered another asthma attack when pepper spray was used in the SMU. He was taken to Health Services and treated.

Davis filed a <u>Bivens</u>[1] action in the United States District Court for the Middle District of Pennsylvania against Administrator Brown and Warden Bledsoe, alleging that they violated his rights under the Eighth Amendment because they refused his request that in the future he be removed from his cell prior to the use of pepper spray in the SMU.

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Brown and Warden Bledsoe moved to dismiss Davis' amended complaint, or, in the alternative, for summary judgment. The defendants noted that Warden Bledsoe had retired prior to the second incident, and that neither Warden Bledsoe nor Administrator Brown directly provided health care to inmates, and, accordingly, neither could be held personally liable to Davis for money damages in a civil rights actions. In the alternative, Davis failed to show that the defendants acted with deliberate indifference to a serious medical need. The defendants further argued in the alternative that they were qualifiedly immunized from a suit for damages. The defendants successfully moved to stay discovery pending the outcome of their motion.

Davis submitted opposition to the defendants' motion pursuant to Fed. R. Civ. Pro. 56, in which he claimed that he needed to conduct discovery in order to effectively oppose the defendants' motion. The discovery sought included information about the use of pepper spray in the SMU and information about inmates who had suffered injury as a result of the use of pepper spray. Davis argued that the defendants had the required culpable state of mind because inmates in the SMU were getting pepper-sprayed every other day, and he argued that Warden Bledsoe and Administrator Brown were indeed the proper defendants in this civil action.

The Magistrate Judge recommended that summary judgment be awarded to the defendants. Noting first that Davis was not challenging the adequacy of the medical care he received for his two asthma attacks, the Magistrate Judge concluded that Davis failed to show that the defendants knew of and disregarded an excessive risk to his safety. Citing Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993), the Magistrate Judge

3

reasoned that deliberate indifference is not shown where supervisory correctional staff do not respond to the medical complaints of a prisoner who is already being treated by prison medical staff. In short, because defendants were entitled to defer to the judgment of prison medical staff on questions of medical necessity, Davis did not state a constitutional tort. In the alternative, the Magistrate Judge concluded that the defendants were qualifiedly immunized from a suit for money damages. Davis submitted objections to the Report and Recommendation, complaining that he had been denied the right to conduct discovery.

In an order entered on May 20, 2013, the District Court overruled the objections, adopted the Report and Recommendation, and granted summary judgment to the defendants. The court further concluded that discovery was unnecessary.

Davis appeals. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's grant of summary judgment de novo. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Davis contends in his Informal Brief that summary judgment for the defendants was not proper because they had actual knowledge of his asthma and actual knowledge that pepper spray was used in the SMU under circumstances that might cause him to suffer an asthma attack. He also contends that he was denied the discovery he needed in order to defeat the defendants' motion for summary judgment, and that summary judgment was not proper because he did not receive adequate notice that summary judgment would be considered.[2]

_____

[2] Davis also requests that we indict and investigate the District Court and Magistrate Judge for "committing treason against their allegiance and oath," Appellant's Informal

4

Summary judgment is proper where the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). If the moving party has carried its burden, the nonmovant must then come forward with evidence showing that there is a triable issue. See id. at 587. A triable, or genuine, issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

We will affirm. As a threshold matter, Davis plainly was on notice that the District Court would consider summary judgment because the defendants moved in the alternative for summary judgment. In addition, he invoked Rule 56 to the extent that it provides that, when facts are unavailable to the nonmovant, and "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2) allow time to obtain affidavits or declarations or to take discovery; in opposing summary judgment." Fed. R. Civ. Pro. 56(d)(2). Accordingly, the notice required in Rose v. Bartle, 871 F.2d 331, 341-42 (3d Cir. 1989) (1989) (court must give notice that it intends to convert a motion to dismiss into a motion for summary judgment and permit nonmoving party to submit materials opposing

---

Brief, at 4, citing among other federal statutes 28 U.S.C. § 455. Davis' allegations are baseless; we see nothing in the record that would give us a reason to question the District Court's or Magistrate Judge's impartiality, 28 U.S.C. § 455(a).

summary judgment prior to doing so), was not required here. We also agree with the District Court that discovery would not have changed the summary judgment result here.

With respect to Davis' primary contention, correctional officials who are deliberately indifferent to the serious medical needs of an inmate violate the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103 (1976). But to establish deliberate indifference, a prison official must both know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). To state a constitutional claim, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id.

The facts are undisputed here. Davis' Eighth Amendment claim of deliberate indifference rested on an allegation that Warden Bledsoe and Administrator Brown failed to protect him from the June, 2012 asthma attack by failing to take any protective action after being notified of the January, 2012 asthma attack. Summary judgment for the defendants was proper here because the summary judgment record establishes that the defendants did not act with a sufficiently culpable state of mind, that is, with deliberate indifference to Davis' serious medical needs. We said in Durmer that correctional defendant-administrators who were not themselves physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." 991 F.2d at 69. See also Spruill v. Gillis, 372 F.2d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in

6

believing that the prisoner is in capable hands."). In Spruill, we held that "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id.

Spruill applies here because Davis did not show that the defendants' involvement in the matter consisted of anything more than reviewing his grievance and deferring to the judgment of medical personnel. Davis did not allege or establish that either Administrator Brown or Warden Bledsoe had actual knowledge that prison heath staff were mistreating his condition by failing to address his repeated exposure to pepper spray. In addition, Davis did not show through competent medical evidence that his asthma condition was so serious that he could never be near the use of pepper spray, or that he risked serious damage to his future health. We note that Davis filed a "petition of writ of mandamus" in the District Court, in which he sought injunctive relief, explaining that he had suffered a third asthma attack on July 30, 2012. Although the Magistrate Judge issued an order deeming this mandamus petition withdrawn under the local rules (because Davis failed to submit a supporting brief), Davis attached his medical records to it. They are plainly pertinent to the summary judgment issue and show that, after Davis' second asthma attack was treated, he was sent to the recreation yard until the spray in the SMU dispersed. Medical staff did not recommend any modifications to his assignment in the SMU. Following treatment for this third attack, Davis was released back to his housing unit with no restrictions.

Accordingly, summary judgment for Warden Bledsoe and Administrator Brown was proper here. We emphasize the limited nature of our holding. Davis chose to file the instant Bivens action against two officials who were not treating him for his asthma and who were not medically responsible for determining whether his asthma is so serious that he could never be near the use of pepper spray. He exhausted his administrative remedies only with respect to the first asthma attack and the defendants' response to it, see 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies prior to bringing suit), and those defendants cannot be considered deliberately indifferent to his serious medical needs in violation of the Eight Amendment for their limited actions. Moreover, the sum total of the allegations in his complaint do not support any actionable claims that have merit.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment to the defendants.