CLD-192                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3880
_____

WILLIE L. DAVIS,
                                    Appellant
v.

WARDEN J.E. THOMAS, in his individual capacity;
DEPUTY CAPTAIN B. TAGGART, in his individual capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 12-cv-02181)
District Judge: Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 6, 2014

Before:     FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: March 10, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant Willie Davis, a state prisoner, appeals from an order of the District

Court granting summary judgment to the defendants.  For the reasons that follow, we will

summarily affirm.

        Davis, who is housed in the Special Management Unit ("SMU") at the United

States Penitentiary in Lewisburg, Pennsylvania, suffers from asthma.  On January 12,

2012, pepper spray (Oleoresin Capsicum) was used to subdue another inmate; Davis was affected and suffered an asthma attack. He was taken to the prison Health Services and treated successfully. Following this episode, Davis submitted an informal request to staff asking that a sign be placed on his cell door instructing staff to remove him from the area before pepper spray is used in the SMU. According to Davis, Health Services Administrator S. Brown ignored his request. In February, 2012, Davis submitted a grievance to Warden Bledsoe. Warden Bledsoe also denied his request that a sign be placed on his cell door, and noted that Davis had been treated by the health services staff following the January, 2012 incident. Warden Bledsoe advised Davis to take any future medical concerns to the medical personnel who were treating him. Several months later, on June 8, 2012, Davis suffered another asthma attack when pepper spray was used in the SMU.

On July 6, 2012, Davis filed a Bivens[1] action in the United States District Court for the Middle District of Pennsylvania, see Davis v. Brown, D.C. Civ. No. 12-cv-01294, against Administrator Brown and Warden Bledsoe, alleging that they violated his rights under the Eighth Amendment because they refused his request that in the future he be removed from his cell prior to the use of pepper spray in the SMU. In an order entered on May 20, 2013, the District Court granted summary judgment to the defendants. Davis appealed, and we affirmed, holding that summary judgment was proper because defendant-administrators cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. See Davis v. Brown, --- Fed. App. ---, 2014 WL

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

702367, at *3 (3d Cir. February 25, 2014).  We emphasized the limited nature of our holding, stating that "Davis chose to file the instant Bivens action against two officials who were not treating him for his asthma . . . [following having] exhausted his administrative remedies only with respect to the first asthma attack and the defendants' response to it."  Id. at *4.  We further concluded that "the sum total of the allegations in [Davis'] complaint do not support any actionable claims that have merit."  Id.

Meanwhile, on November 1, 2012, Davis filed another Bivens action, this time against the new warden, Warden J.E. Thomas, and one Captain B. Taggart, both in their individual capacities.  Davis alleged an Eighth Amendment deliberate indifference claim specifically with respect to the June 8, 2012 incident.  In his complaint, Davis asserted that, after this second asthma attack, he sought an informal resolution of his problem from Captain Taggart on June 18, 2012.  Davis claimed that he asked Captain Taggart for a transfer to "a clean air environment."  Captain Taggart denied the request and Davis appealed to Warden Thomas.  On July 25, 2012, Warden Thomas rejected Davis' request for an administrative remedy.  On July 30, 2012, Davis was again exposed to pepper spray when correctional officers arrived in G-Block to extract an inmate.  He claimed that he suffered an asthma attack, and that it took 30 minutes of his cellmate kicking on the cell door before he was able to get medical attention.  During this time, Davis used his inhaler, but the pepper spray in the air, which had not dispersed, rendered his inhaler ineffective, he claimed.  Davis alleged that because Captain Taggart and Warden Thomas did not provide the administrative remedy he sought after the June 8, 2012 incident, they failed to protect him from his July 25, 2012 asthma attack and thus were deliberately indifferent to his serious medical needs.  In addition, Davis claimed that the defendants'

3

failure to grant him an administrative remedy was in retaliation for his having filed his original lawsuit. Davis sought money damages.

Shortly after he filed this complaint, Davis filed a motion for a preliminary injunction, Fed. R. Civ. Pro. 65(a), claiming that he had again been exposed to pepper spray on October 16, 2012, and had again required medical treatment. Among other things, Davis asked that he be evaluated by an independent medical specialist, and he asked to be transferred to a different institution. In opposing Davis' motion, the defendants submitted an affidavit from Dr. Andrew Edinger, a Bureau of Prisons physician who had reviewed Davis' medical records. In his affidavit, Dr. Edinger explained that Davis suffers from moderately persistent asthma. He is prescribed a first line therapy regimen consisting of an albuterol inhaler, and a steroid inhaler (Mometasone Furoate), with instructions to use two puffs, two times per day. He is permitted to have both inhalers in his possession. Based on Davis' prescription refill history, it appeared to Dr. Edinger that Davis was noncompliant with his first line therapy regimen. Dr. Edinger explained that, for Davis' medication to be effective, he would have to take it as prescribed. Dr. Edinger also explained that exposure to pepper spray can cause an asthma sufferer to feel like his throat is tightening. Dr. Edinger explained that Davis received treatment on several occasions for wheezing associated with the disbursement of pepper spray in the area of his cell, including the use of steroid injection, nebulizer breathing treatment (a mist form of medication disbursement) and/or Ativan to treat anxiety. Dr. Edinger expressed the view that at no time was Davis' health at serious risk of harm as a result of exposure to pepper spray, and that there was no medical reason to transfer him out of the SMU.

4

In addition to Dr. Edinger's affidavit, the defendants submitted a progress note written by Dr. Kevin Pigos, which indicated that, on November 28, 2012, Davis was seen at the prison Health Services and he requested a transfer away from the SMU. Medical personnel performed a peak flow test, which measures the amount of air flowing out of the lungs. The results of this test were in the normal range. Dr. Pigos noted that Davis likely was noncompliant with his steroid inhaler, although he used albuterol daily. Dr. Pigos wrote in his assessment that he had attempted to explain to Davis that asthma is a disease of the lower airways, whereas pepper spray is an upper airway irritant. Dr Pigos wrote that he encouraged Davis to take his medications as prescribed, and wrote that there was no need to transfer Davis to a medical facility or a pepper spray-free unit.

The Magistrate Judge submitted a Report and Recommendation, recommending that the motion for preliminary injunctive relief be denied. After setting forth the contents of Dr. Edinger's affidavit, the Magistrate Judge concluded that preliminary injunctive relief was unwarranted. The District Court, in an order entered on March 7, 2013, adopted the report and denied Davis' Rule 65(a) motion.[2]

In the meantime, the defendants moved to dismiss Davis' complaint, or, in the alternative, for summary judgment. In support of their motion, Warden Thomas and Captain Taggart submitted Dr. Edinger's affidavit and the progress note/assessment from Davis' November 28, 2012 visit to the prison health services. In the main, Warden Thomas and Captain Taggart asserted that they had no personal involvement in Davis' medical care and thus were not liable to him for money damages. Davis opposed this motion, and he submitted a motion of his own for summary judgment. The Magistrate

_____

[2] Davis did not timely appeal this decision. 28 U.S.C. § 1292(a)(1); Fed. R. App. 4(a)(1)(B).

5

Judge recommended that summary judgment be awarded to the defendants. Again, the Magistrate Judge credited Dr. Edinger's affidavit and his opinion that at no time was Davis' health at serious risk of harm as a result of exposure to pepper spray, and that there was no medical reason to transfer him out of the SMU. The Magistrate Judge also concluded that Warden Thomas and Captain Taggart did nothing more than defer to the judgment of medical professionals in responding to the June 8, 2012 incident. Although the Magistrate Judge thought that the doctrine of res judicata applied to bar this action,[3] he eventually concluded that "more fundamentally, Davis' claims failed "just as they did in his prior lawsuit because he failed to show that the defendants knew of and disregarded an excessive risk to his safety. Report and Recommendation, at 15. The Magistrate Judge reasoned that deliberate indifference is not shown where supervisory correctional staff do not respond to the medical complaints of a prisoner who is already being treated by prison medical staff. Davis submitted objections to the Report and Recommendation. In an order entered on September 4, 2013, the District Court overruled the objections, adopted the Report and Recommendation, and granted summary judgment to the defendants.

Davis appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to

---

[3] We seriously doubt whether the doctrine of *res judicata* bars this action because it involves a different incident and different defendants and because a claim of deliberate indifference turns on whether the specific defendant acted with a sufficiently culpable state of mind, Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is a subjective standard under Farmer – the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Summary judgment is proper where the summary judgment record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A genuine issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). We review a District Court's grant of summary judgment de novo. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007).

To establish deliberate indifference, see Estelle v. Gamble, 429 U.S. 97, 103 (1976), a prison official must both know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). To state a constitutional claim, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. Davis' Eighth Amendment claim of deliberate indifference rested on an allegation that Warden Thomas and Captain Taggart failed to protect him from the July 30, 2012 asthma attack by failing to take any protective action after being notified of the June, 2012 asthma attack. Summary judgment for the defendants was proper here because the summary judgment record establishes that the defendants did not act with a

sufficiently culpable state of mind, that is, with deliberate indifference to Davis' serious medical needs.

Correctional defendant-administrators who are not themselves physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). In Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004), we held that, "[i]f a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." If the non-medical prison official has no actual knowledge that prison doctors are mistreating a prisoner, he or she "will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. Davis did not show that the defendants' involvement in the matter consisted of anything more than reviewing his grievance and deferring to the judgment of medical personnel, and, as a threshold matter, he failed to establish that medical personnel were mistreating his asthma condition. The defendants showed through competent medical evidence that his asthma condition was not so serious that he could never be near the use of pepper spray, or that he risked serious damage to his future health if exposed to second-hand pepper spray. Davis' personal opinion to the contrary will not suffice to defeat the defendants' motion for summary judgment. Matsushita Elec. Indus. Co., 475 U.S. at 587.

As before, we further conclude that the sum total of the allegations in Davis' complaint do not support any actionable claims that have merit.

For the foregoing reasons, we will summarily affirm the order of the District Court granting summary judgment to the defendants.