DLD-245                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4688
_____

WILLIE L. DAVIS,
                              Appellant

v.

JOSEPH L. NORWOOD; HARRELL WATTS; J.E. THOMAS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-00147)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 18, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: June 24, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se litigant Willie Davis, proceeding in forma pauperis, appeals the District Court's order granting summary judgment in favor of the defendants. For the reasons set forth below, we will summarily affirm the District Court's order.

Davis is currently incarcerated in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). He filed this Bivens[1] action against Joseph L. Norwood, the Northeast Regional Director for the Federal Bureau of Prisons ("BOP"); Harrell Watts, the BOP's National Inmate Appeals Administrator; and J.E. Thomas, the Warden at USP-Lewisburg, based on their review and denial of his grievance claiming that, because he suffers from asthma, he is required to be housed in a cell that contains a duress button, which is unavailable at USP-Lewisburg. He alleged that defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment by failing to install a duress button in his prison cell, or transfer him to a medical care level two facility.[2] Davis sought compensatory and punitive damages.

The defendants moved to dismiss Davis's complaint, or, in the alternative, for summary judgment. In support of their motion, the defendants submitted a declaration from Dr. Kevin Pigos, USP-Lewisburg's Clinical Director, stating, in part, that USP-Lewisburg is a medical care level two facility, as well as excerpts from Davis's medical

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] The BOP assigns its institutions a care level number based upon the medical care they are able to provide to inmates.

2

record while incarcerated at the prison. In response, Davis accused Dr. Pigos of perjury and again claimed that the prison must install a duress button in his cell. The Magistrate Judge recommended granting defendants' motion to dismiss, or, in the alternative, for summary judgment, concluding that the complaint did not state a claim of deliberate indifference because Davis failed to adequately allege, let alone rebut the record evidence to the contrary, that a duress button in his cell was medically necessary or otherwise legally required. Davis did not object to the Magistrate Judge's Report and Recommendation, and the District Court adopted it and granted summary judgment to the defendants.

Davis appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We review a District Court's grant of summary judgment de novo. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is proper where the summary judgment record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

3

The District Court properly granted summary judgment in favor of the defendants. The Eighth Amendment protects prisoners from cruel and unusual punishment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 832 (1994). To assert an Eighth Amendment conditions of confinement claim, a prisoner must show that the deprivation alleged is "sufficiently serious" and that he has been deprived of the "minimal civilized measures of life's necessities." Id. at 834 (internal quotation marks omitted). A prisoner must also demonstrate that the prison officials demonstrated "deliberate indifference to inmate health or safety." Id. (internal quotation marks omitted). Similarly, in the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A plaintiff may make a showing of deliberate indifference by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (internal quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

Davis's claim of deliberate indifference rested on conclusory allegations that, because he has asthma, his prison cell was required to have a duress button and he was required to be housed at a medical care level two facility. As an initial matter, the summary judgment record establishes that USP-Lewisburg is, in fact, a medical care level

4

two facility, making it an appropriate placement for Davis, who is considered a medical care level two inmate, meaning that he is stable but has chronic medical issues. Additionally, the Magistrate Judge properly concluded that Davis failed to offer any evidence establishing that the absence of a duress button in his cell posed a risk to his health or safety, or was otherwise legally required. The evidence shows that Davis's asthma was adequately managed by the prison medical staff and other methods of seeking medical assistance were available to Davis while housed in the SMU, including continuous staff presence in the housing unit and routine patrols who could be alerted to a medical situation. Indeed, according to the evidence, Davis was seen and successfully treated for his periodic asthma attacks, including treatment that was performed in his housing unit after secondary exposure to chemical munitions may have exacerbated his condition.[3] Davis points to no separate rule or policy requiring USP-Lewisburg to install a duress button in his cell, and his unsupported, personal opinions to the contrary will not suffice to defeat the defendants' motion for summary judgment. Matsushita Elec. Indus. Co., 475 U.S. at 587.

Furthermore, Davis has offered no evidence to show that the prison officials, only one of whom is located at USP-Lewisburg, acted with a sufficiently culpable state of mind, that is, with deliberate indifference, to a risk to Davis's health, safety, or medical

---

[3] Davis previously brought two separate actions alleging Eighth Amendment claims against prison officials based on their refusal to remove him from his cell prior to the use of pepper spray in the SMU. This Court affirmed the District Court's grant of summary judgment in favor of the defendants in both actions. See Davis v. Thomas, 558 F. App'x 150 (3d Cir. 2014), and Davis v. Brown, 556 F. App'x 87 (3d Cir. 2014).

need. Correctional defendant-administrators who are not themselves physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). If the non-medical prison official has no actual knowledge that prison doctors are mistreating a prisoner, he or she "will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Davis has provided no evidence to show that the defendants' involvement in the matter consisted of anything more than reviewing his grievance and informing him that, while duress buttons are not required, other methods of seeking medical assistance were available to Davis. Accordingly, summary judgment in favor of defendants was appropriate on Davis's Eighth Amendment claims that defendants were deliberately indifferent to his health and safety.

Finally, Davis also purported to bring a claim under 18 U.S.C. § 242 and for negligence. The Magistrate Judge correctly concluded that 18 U.S.C. § 242, which criminalizes the deprivation of rights under color of law, does not provide a private right of action. See, e.g., United States v. City of Phila., 644 F.2d 187, 199 (3d Cir. 1980).[4]

---

[4] Because we affirm the District Court's grant of summary judgment in favor of the defendants on the bases discussed above, we need not address the Magistrate Judge's conclusions that the defendants were entitled to qualified immunity on Davis's Eighth Amendment claims and that the District Court lacked personal jurisdiction over defendant Watts.

6

Accordingly, we will summarily affirm the order of the District Court granting summary judgment to the defendants.  <u>See</u> 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.