**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-4191 & 13-3831
_____

WILLIAM DYKEMAN,
                                         Appellant

v.

ABU AHSAN, M.D.;
JOHN DOES, UNDMJ;
JOHN DOES- HEALTHCARE PROVIDER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-12-cv-04634)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2014
Before:  SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed March 25, 2014)
_____

OPINION
_____

PER CURIAM

William Dykeman, proceeding pro se and in forma pauperis, appeals from the

United States District Court for the District of New Jersey's order sua sponte dismissing

his complaint for failure to state a claim. For the following reasons, we will affirm in part, vacate in part, and remand.

## I.

In July 2012, Dykeman filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in the District Court. In his complaint, Dykeman alleged that Dr. Abu Ahsan and other unnamed medical staff at New Jersey State Prison violated his Eighth Amendment and Fourteenth Amendment rights by failing to properly treat pain in his right hip. Dykeman also alleged that Dr. Ahsan and the other defendants were responsible for state law violations. The District Court sua sponte dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and chose not to exercise supplemental jurisdiction over the state law claims. Dykeman filed a motion for reconsideration and a motion to supplement the record, raising additional claims and allegations concerning his medical treatment. Ultimately, Dykeman generally raised three sets of claims: (1) medical staff failed to properly diagnose and treat his injury with an MRI and a consultation with an orthopedic specialist; (2) medical staff failed to explain the risks of a steroid injection and failed to provide an explanation of viable alternatives; and (3) medical staff failed to ensure that prescriptions for an additional mattress and cushioned footwear were actually provided, and in the case of the mattress, that the prescription was renewed.

The District Court granted Dykeman's motions and vacated its earlier opinion dismissing the complaint. After reviewing the new allegations, the District Court concluded that Dykeman still failed to state a claim. The District Court again opted not to exercise supplemental jurisdiction over Dykeman's state law claims and dismissed the case. Dykeman appeals.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of Dykeman's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a complaint need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

We will affirm the District Court's dismissal of Dykeman's claims related to his allegations that Defendants failed to properly treat his hip pain when they did not perform an MRI or refer him to an orthopedic specialist. In order to state a viable Eighth Amendment claim, Dykeman needed to allege deliberate indifference to a serious

---

[1] This case is a consolidation of two appeals for all purposes. The first, docketed at C.A. No. 12-4191, was initiated when Dykeman filed a notice of appeal after the District Court initially dismissed his complaint. The second, docketed at C.A. No. 13-3831, was initiated after the District Court dismissed the case following the motion for reconsideration.

3

medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976).[2] "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" United States ex rel. Walker v. Fayette Cnty., Pa., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Medical staff at New Jersey State Prison diagnosed and attempted to treat Dykeman for chronic degenerative arthritis of the hip. Dykeman claimed that Defendants' diagnosis of his hip pain without conducting an MRI and consulting an orthopedic specialist, both of which he repeatedly requested, was so inadequate that it constituted deliberate indifference. However, as noted by the District Court, this claim constitutes a disagreement with the type of care Dykeman was provided, and does not support a claim of an Eighth Amendment violation. See Lanzaro, 834 F.2d at 346.

Next, Dykeman claimed that Defendants violated his right to medical information. Although the District Court did not explicitly address this issue, dismissal was appropriate because Dykeman failed to state a claim. Prisoners have a right to refuse

---

[2] The District Court properly determined that Dykeman's hip condition constituted a serious medical need. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

4

medical treatment, and a concomitant right "to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment." White v. Napoleon, 897 F.2d 103, 113 (3d Cir. 1990). However, that right is limited, see id., and medical staff "simply must provide a prisoner with such information as a reasonable patient would find necessary to making an informed decision regarding treatment options." Pabon v. Wright, 459 F.3d 241, 250 (2d Cir. 2006).[3] Because the right to medical information is linked to the right to refuse treatment, "a prisoner must show that, had he received information that was not given to him, he would have exercised his right to refuse the proposed treatment." Id. at 251.

In support of this claim, Dykeman alleged that he declined steroid injections because he was offered only general warning information, which he chose not to receive, instead of the manufacturer's warning information. Dykeman stated that he also refused the injections because they were a temporary remedy that deviated from the proper standard of care for his condition. Dykeman's claim fails because medical staff offered him information regarding the general risks of steroid shots, which would have allowed a reasonable patient to make an informed decision. See id. at 250. Additionally, Dykeman's stated refusal of the steroid injections because he believed that they were an inappropriate treatment indicates that Dykeman would not have exercised his rights

_____

[3] Although this type of claim is a Fourteenth Amendment claim, rather than an Eighth Amendment Claim, see White, 897 F.2d at 111, the standard is similar to the Eighth Amendment standard: a defendant must have exercised deliberate indifference to

differently even if he had been provided with the specific information he sought.  See id. at 251.  Accordingly, Dykeman failed to state a claim of violation of his right to medical information.

In conjunction with his medical information claim, Dykeman claimed that he was not informed of viable alternative treatments to steroid injections.  A prisoner has a right to be informed of viable alternatives to a proposed treatment.  White, 897 F.2d at 113.  However, Dykeman failed to state a claim because, as he stated in the supplement to his complaint, he was informed of a series of viable proposed treatments that included anti-inflammatory pills, pills stronger than anti-inflammatory pills, or steroid injections.

The District Court's dismissal of Dykeman's claims concerning Defendants' alleged failure to provide a prescribed extra mattress and prescribed cushioned footwear was incorrect.  In the context of Eighth Amendment claims, "'deliberate indifference' [has been found] in a variety of circumstances, including where the prison official . . . prevents a prisoner from receiving needed or recommended medical treatment."  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Here, Dykeman alleged that in December 2008 Doctor Ahsan prescribed an extra mattress to alleviate discomfort at night.  Dykeman asserted that prison officials never provided him with the mattress and that Doctor Ahsan did not renew the prescription after it expired.[4]  Additionally, Dykeman

---

establish a violation of the prisoner's rights.  Pabon, 459 F.3d at 251.

[4] Dykeman included with his complaint a letter from the Health Services Unit of the New Jersey Department of Corrections that acknowledged that he was prescribed an extra

alleged in his complaint and supplement that he was prescribed cushioned shoes, but that, like the mattress, they were not provided. Dykeman's allegations concerning the cushioned shoes are not as clear as his allegations regarding the mattress, but it does appear that he alleged that he never received the prescribed footwear. Reading these allegations, Dykeman has stated Eighth Amendment claims that should not have been dismissed for failure to state a claim.

IV.

For the foregoing reasons, we will affirm in part, vacate in part, and remand.

---

mattress in December 2008, but had not received it as of September 2009.