PS4-009                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1398
_____

BRUCE WOOD,

Appellant

v.

Dr. LINDA GALEF-SURDO; IHUOMA CHUKS;
CORRECTIONAL MEDICAL SERVICE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-11-cv-00777)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2015
Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed: October 28, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Bruce Wood appeals the District Court's orders granting summary judgment to the defendants and denying his motion for reconsideration. For the reasons set forth below, we will affirm the District Court's judgment.

Wood is an inmate at the James T. Vaughn Correctional Center ("JVCC") in Delaware. In 2011, he filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that various prison officials, medical providers, and the prison's contracted medical service provider violated his Eighth Amendment rights by providing him inadequate medical care. Wood's claims concerned medical treatment he received related to various ailments including skin rashes, toenail and foot issues, and, as pertinent here, right knee pain related to and left unresolved by a surgery that was performed at a different prison three years prior to his transfer to JVCC.[1]

While incarcerated at another Delaware correctional center, Wood underwent surgery in 2006 to repair a torn meniscus in his right knee. At that time, the surgeon noted that Wood had an old ACL tear, but chose not to address it with surgery. Upon transfer to JVCC in early 2009, Wood complained of knee pain during multiple sick call visits. Although Wood was evaluated by the medical staff and received a knee brace and an x-ray, he alleged that he did not receive the physical therapy originally prescribed by the surgeon and that his requests for additional treatment, including a cane, an MRI, and a

---

[1] Wood has stated in his Informal Brief that his Eighth Amendment claims related to skin rashes, toes, and feet are not at issue in this appeal.

referral to an orthopedic specialist, were denied until a new contracted medical provider began to oversee his care.

The District Court dismissed Wood's claims against the non-medical prison officials and claims accruing prior to August 31, 2009, as barred by the statute of limitations, but allowed claims related to inadequate medical care arising after August 31, 2009, to proceed against defendants Dr. Galef-Surdo, a medical provider at the correctional center; Ihuoma Chuks, a nurse practitioner at the correctional center; and Correctional Medical Services, Inc. ("CMS"), the prison's contracted medical service provider.  Following discovery, the District Court granted summary judgment in favor of those defendants, determining that Wood failed to adduce evidence from which a reasonable factfinder could find that Dr. Galef-Surdo and Chuks were deliberately indifferent to his medical needs and that, absent such a finding, CMS could not be liable based on a theory that it established or maintained a policy that violated Wood's constitutional rights.  Wood filed a timely motion to alter or amend the judgment, which the District Court construed as a motion for reconsideration and denied, and Wood then filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's order granting summary judgment de novo, applying the same standard as the District Court.  Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007).  Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

3

P. 56(a). We review the order denying Wood's motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

We agree with the District Court's disposition of this case. To succeed on an Eighth Amendment claim for the denial of medical care, Wood was required to demonstrate that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. With respect to medical decisions, however, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal alterations, quotation marks omitted). "[M]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotation marks omitted).

The record reveals that in 2006, while incarcerated at a different facility, Wood underwent surgery to repair a torn meniscus in his right knee. Following his transfer to JVCC approximately three years later in early 2009, Wood intermittently complained of knee pain during sick call visits and made various requests for physical therapy, pain medication, a cane, medical sneakers, an MRI, and a referral to an orthopedic specialist.

4

In response to his complaints, the prison's medical staff evaluated Wood and prescribed a knee brace. After again complaining of knee pain, Chuks addressed an injury to Wood's other leg. When Dr. Galef-Surdo later evaluated Wood following another complaint of knee pain, she referred him for an x-ray after observing a small fluid build-up on his right knee. When the results of the x-ray came back "within normal limits," Wood was diagnosed with mild osteoarthritis of his right knee; no physician follow-up was required. After the prison switched its contracted medical provider, Wood began receiving additional treatment for his knee, including physical therapy. Although Wood claims that the defendants never provided the physical therapy prescribed to him after his 2006 surgery, the discharge instructions provided by the surgeon merely indicate that Wood was to perform a series of exercises two times a day for an unknown duration. The instructions do not indicate that these exercises needed to be performed with the assistance of a physical therapist or that they needed to be continued approximately three years following the surgery when Wood was transferred to JVCC. Indeed, Wood submitted an affidavit from the surgeon who stated that the knee would heal properly without physical therapy.[2]

While Wood believes that his condition required additional treatment from the defendants, his dispute as to the adequacy of his treatment does not constitute deliberate

_____

[2] In his Informal Brief, Wood also argues that the doctor who performed his surgery in 2006 was deliberately indifferent to his medical needs when he failed to also perform surgery on his ACL. This doctor, however, was not named as a defendant in this action, and the District Court dismissed any claims arising prior to August 31, 2009, as barred by

5

indifference.  See United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).  Moreover, although Wood claims that he ultimately began receiving effective treatment under the prison's new contracted medical provider, he produced no evidence that there was a relevant CMS policy or custom that caused any alleged constitutional violation.  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  As the record does not support a finding of deliberate indifference, the District Court properly granted summary judgment to the defendants.  For the same reason, the District Court did not abuse its discretion in declining to reconsider that ruling.

Accordingly, we will affirm the District Court's judgment.  Wood's motion to rule on his brief only and to impose sanctions on Appellees is denied.  Appellees' motion for leave to file Volume II of the supplemental appendix under seal is granted.  See 3d Cir. L.A.R. 30.3(b) ("Records sealed in the district court and not unsealed by order of the court must [] not be included in the paper appendix. . . . When filed electronically, sealed documents must be filed as a separate docket entry as a sealed volume.").

---

the statute of limitations.