599 F.2d 573
 UNITED STATES of America ex rel. Lawrence WALKER a/k/a Salam
Bey, Appellant, Pro Se
v.
FAYETTE COUNTY, PENNSYLVANIA, et al., Fayette County Board
of Prison Inspectors et al., Fayette County Prison et al.,
Charles Matchey, Warden, James Clark, Deputy Warden, Dr.
Rudolph Medlin, Prison Physician, and Fayette County
Sheriff's Office et al., All of 12 Court Street, Uniontown,
Fayette County, Pennsylvania.
 No. 76-2492.
 United States Court of Appeals,
Third Circuit.
 Submitted on Appellant's Brief Only June 7, 1979.
Decided June 15, 1979.
 
 Lawrence Walker, pro se.
 Philip T. Warman, Warman & Warman, Uniontown, Pa., for appellees.
 Before ALDISERT, VAN DUSEN and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The question is whether a state prisoner's complaint that prison officials denied him medical care states a claim upon which relief can be granted. We hold that it does and reverse the judgment of the district court dismissing the complaint.
 
 
 2
 Because of the posture of this case, the district court had to accept as true the following allegations of the Pro se complaint: appellant was incarcerated in Fayette County prison for approximately six and one-half weeks in the spring of 1974, after his arrest on a narcotics charge and until he could arrange to be released on bond; when admitted to the prison he had a heroin addiction habit of eight bags a day; although he informed the prison officials of his habit, he was afforded no medical treatment during the first ten days of his incarceration; and after ten days, a prison physician examined him but provided inadequate medical treatment. The complaint further alleged that as a result of the lack of any medical attention, he was forced to endure ten days of severe withdrawal symptoms, including "stomach cramps, chills, sweating, lack of sleep, 'dry heaves,' and much pain and suffering." Plaintiff's Complaint at 4. Appellant sought injunctive, declaratory, and compensatory relief from Fayette County, the county board of prison inspectors, the warden and his deputies, the prison physician and the sheriff's office. Appellant brought his suit as a class action, requesting that the prison officials be required to comply with Pennsylvania law which requires that all inmates be examined within forty-eight hours of admission to a prison.[1]
 
 
 3
 Because the defendants were not served, the court was not acting on a Fed.R. Civ.P. 12(b)(6) motion to dismiss for failing to state a claim. But the absence of such a motion does not prevent dismissal if the district court is convinced that the complaint cannot be construed as stating a claim for which relief can be granted and is therefore deemed frivolous under28 U.S.C. § 1915(d): "The court . . . may dismiss the case . . . if satisfied that the action is frivolous . . . ." Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, Reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), determined a matter is not frivolous if "any of the legal points (are) arguable on their merits."
 
 
 4
 The district court adopted the magistrate's recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 because appellant had alleged only a failure to comply with a state statute and not a deprivation of any right, privilege or immunity secured by the Constitution or federal law. But accepting, as we must, the well-pleaded allegations of the complaint as true, Miree v. DeKalb County, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977), and construing the complaint liberally in the light most favorable to the plaintiff, Jennings v. Shuman,567 F.2d 1213, 1216 (3d Cir. 1977), and cognizant that a prisoner's Pro se complaint is held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we find the complaint to be sufficient to withstand dismissal at this stage of the proceeding.
 
 
 5
 In essence, appellant alleges that he informed the prison authorities of his drug habit, requested medical treatment and received no attention for ten days and inadequate treatment thereafter, during which time he went through a period of painful drug withdrawal.[2] The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" violates the eighth amendment proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This court has noted that such a standard is two-pronged, requiring (1) deliberate indifference on the part of prison officials,[3] and (2) that the prisoner's medical needs be serious. West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). On the other hand, every claim by a prisoner that he has not received adequate medical treatment does not indicate a violation of the eighth amendment. For instance, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, supra, 429 U.S. at 106, 97 S.Ct. at 292.
 
 
 6
 A more recent decision of this court, Norris v. Frame, 585 F.2d 1183 (3d Cir. 1978), specifically held that there is no constitutional right to methadone, and a county is under no obligation to provide it. Pennsylvania law requiring that addicts receive "medical detoxification," 71 P.S. § 1690.106(a),[4] does not require the establishment of methadone maintenance facilities at corrective institutions. 585 F.2d at 1188. Fayette County was therefore under no obligation to provide methadone to its prisoners.[5]
 
 
 7
 Appellant contends that notwithstanding his informing prison officials of his addiction and requesting treatment, he received no medical attention for a period of ten days, during which time he suffered severe withdrawal symptoms. We conclude that because Pennsylvania law provides that all prisoners shall receive a medical examination within 48 hours after admission to the institution, such inaction as is alleged on the part of defendants, under the specific circumstances of this case, would constitute a "deliberate indifference to serious medical needs of prisoners," proscribed by the eighth amendment. Estelle v. Gamble, supra, 429 U.S. at 104, 97 S.Ct. at 104.
 
 
 8
 We recognize that the Pro se complaint made reference only to state law and did not allege a deprivation of rights assured by federal statutes or the Constitution. Under these circumstances, however, the district court should not immediately have dismissed the complaint under 28 U.S.C. § 1915(d). Rather, it should have heeded the advice of the Federal Judicial Center's Prisoner Civil Rights Committee:
 
 
 9
 If the court determines that the complaint is frivolous or malicious, but that this defect can be cured by amendment, the court should issue an order to show cause why the complaint should not be dismissed. The order should explain why the complaint is frivolous or malicious and should allow the plaintiff an opportunity to respond and to amend the complaint.
 
 
 10
 Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts, Tentative Rept. No. 2, 1977, at 55. This would have permitted the Pro se plaintiff to make the necessary formal amendment alleging a deprivation of federal rights in conformance with the liberal amendment policy followed by the courts in this circuit. Rannels v. S. E. Nichols, Inc., 591 F.2d 242, 247 (3d Cir. 1979).[6]
 
 
 11
 Accordingly, we hold that the district court erred in dismissing the complaint for failure to state a claim upon which relief could be granted. The judgment of the district court will be reversed and the case remanded for further proceedings.
 
 
 
 [1]
 61 P.S. § 1 provides as follows:
 Whenever any person shall be sentenced to serve a term in any of the jails or penal institutions of this Commonwealth, and shall be admitted to any such jail or penal institution, such person shall, within forty-eight hours after his admission, be examined as to his physical condition and also as to his mental condition. A record of the result of such examination shall be kept as a part of the records of such jail or penal institution.
 
 
 [37]
 Pa.Code § 95.232(a)(1) provides:
 (a) Minimum requirements. The following are the minimum requirements applicable for medical and health services:
 (1) All persons admitted to jail shall, within 48 hours after his (Sic ) admission, be examined as to his physical condition and also as to his mental condition. A record of the result of such examination shall be kept as a part of the permanent jail documents. Reference should be made to act of May 10, 1921 P.L. 433 (61 P.S. §§ 1-4).
 
 
 [2]
 We will distinguish between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)
 
 
 [3]
 "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. at 291 (1976) (footnotes omitted)
 
 
 [4]
 71 P.S. § 1690.106(a) provides, in pertinent part, "Medical detoxification and treatment shall be provided for persons physically dependent upon alcohol or controlled substances at correctional institutions and juvenile detention facilities or in available appropriate medical facilities."
 
 
 [5]
 It should be noted that the Supreme Court, in Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), has ended local government immunity from civil rights suits. Under Monell, however, Fayette County would be liable only for the results of "official policy" and not under a theory of Respondeat superior. Id. at 694. Norris v. Frame, 585 F.2d 1183, 1186 n. 8 (3d Cir. 1978)
 
 
 [6]
 As Justice Stevens commented in his dissenting opinion in Estelle v. Gamble, supra:
 Admittedly, it is tempting to eliminate the meritless complaint at the pleading stage. Unfortunately, this "is another instance of judicial haste which in the long run makes waste," Dioguardi v. Durning, 139 F.2d 774, 775 (CA2 1944) (Clark, J.), cited with approval in Haines v. Kerner, supra, (404 U.S.) at 521 (, 92 S.Ct. 596). In the instant case, if the District Court had resisted the temptation of premature dismissal, the case might long since have ended with the filing of medical records or affidavits demonstrating adequate treatment.
 429 U.S. at 113, 97 S.Ct. at 295, 296.