**ALD-147**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3835
_____

JOSEPH TAYLOR,
                                                              Appellant

v.

JOSEPH W. VISINSKY, CHCA; DENISE R. THOMAS, RN Acting CHCA;
JACK DEPNER, DMD; MS. J. M. ELLISON, RHA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00135)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2011
Before:  SCIRICA, HARDIMAN, and VANASKIE, Circuit Judges

(Opinion filed   April 6, 2011  )
_____

OPINION
_____

PER CURIAM

        Joseph Taylor, an inmate at the State Correctional Institution at Somerset, appeals

from an order of the District Court dismissing this pro se civil rights action for failure to

state a claim.  For the following reasons, we will summarily affirm.

        In May 2010, Taylor, who proceeded in forma pauperis in the District Court, filed

a complaint pursuant to 42 U.S.C. § 1983 against some of the medical staff at the prison. His complaint lists the following claims: (1) he believes that he was injected with AIDS while prison staff purportedly administered a Mantoux shot; (2) the nurse negligently administered the Mantoux shot; (3) he was denied access to his medical records; (4) he received unsatisfactory dental care; (5) he received only one pair of glasses, instead of the two that he had requested; (6) he thinks that staff at the prison may have poisoned him; and (7) the insoles that the prison issued for his shoes did not have adequate arch support. He asked for damages and a transfer to a different prison.

The magistrate judge screened the case and recommended that the complaint be dismissed for failure to state a claim. Taylor was informed that he could either amend his complaint or submit objections to the report and recommendation. He moved to amend the complaint. The amendment added a claim for an injunction requiring the prison to administer an AIDS test. He did not clarify or supplement his factual allegations. The District Court granted Taylor's motion to amend, adopted the report and recommendation, and dismissed the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Taylor appealed.

We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. Our review of a district court's dismissal for failure to state a claim is plenary. Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 63-64 (3d Cir. 2008). Summary action is warranted if an

2

appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.[1]

We agree with the District Court that Taylor has failed to state a claim upon which relief can be granted. His allegations consist of (1) wholly speculative, unsupported claims, (2) dissatisfaction with the medical treatment provided by the prison, and (3) allegations of negligence. As for the first set of claims, which include his suspicion that he may have been poisoned or injected with AIDS, the allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The second set of claims, including the complaints about the eye glasses, the dental care, and insoles, amount to dissatisfaction with the medical treatment provided by prison medical staff. We are reluctant to second guess these medical judgments. See United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979). The remaining negligence claims are also insufficient to state a claim. See Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Accordingly, we conclude that this appeal does not present a substantial question, and we will summarily affirm the District Court. Taylor's motions to seek leave to amend his complaint and for the appointment of counsel are denied.

---

[1] Taylor does not proceed in forma pauperis on appeal.