**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1956
_____

RONALD MITCHELL,

Appellant

v.

KAREN GERSHEN, 1st Shift Supervisor;
Dr. SKERL, Doctor, Cresson Infirmary;
MARK MCDONELL, P.A., Cresson Infirmary;
DOUGLAS BOPP, Medical Administrator at SCI Cresson
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 3-06-cv-00180)
District Judge: Hon. Kim R. Gibson

Submitted May 11, 2011

Before:  SMITH, CHAGARES, and VANASKIE, Circuit Judges.

(Filed May 31, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Ronald Mitchell appeals the District Court's grant of summary judgment to

Physician Assistant Mark McConnell on his Eighth Amendment claim that McConnell

acted with deliberate indifference with regard to his foot infection. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. In September 2005, Ronald Mitchell was a prisoner transferred to the State Correctional Institution in Cresson, Pennsylvania. Mitchell had a medical history of diabetes and neuropathy and, at the time of transfer, had an ulcer on his right foot. On January 11, 2006, Mitchell complained to Physician Assistant Mark McConnell that his foot was giving off a rotting-flesh odor. McConnell, not believing there were any signs of infection, conducted a foot soak on Mitchell. On January 17 and 24, Mitchell again brought the odor to McConnell's attention and McConnell proceeded with a foot soak. On January 26, Mitchell saw Dr. Skerl who ordered a culture of the ulcer and subsequently determined that Mitchell needed surgery. Following surgery, on February 13, Mitchell's medical results showed that his foot was infected with Methicillin-Resistant Staphylococcus Aureus ("MRSA"). Mitchell was then treated with antibiotics.

On August 14, 2006, Mitchell filed suit pro se against several prison officials, alleging a claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment due to the inadequate and delayed treatment of his foot infection. On February 11, 2010, a Magistrate Judge issued a Report and Recommendation ("R&R") that summary judgment should be granted to the remaining defendant McConnell based, inter alia, on the fact that Mitchell could not carry his burden of proof to show deliberate indifference without an expert witness. Despite Mitchell's objections to the R&R, the District Court adopted the

2

Magistrate Judge's recommendation and granted summary judgment to McConnell. Mitchell filed a timely appeal.[1]

## II.

Our review of the District Court's grant of summary judgment is plenary, and we apply the same legal standard as it should have. Vitalo v. Cabot Corp., 399 F.3d 536, 542 (3d Cir. 2005). A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In conducting our analysis, we must view the record in the light most favorable to Mitchell, and must draw all reasonable inferences in his favor. See Vitalo, 399 F.3d at 542. To defeat summary judgment, however, Mitchell must "produce admissible evidence containing 'specific facts showing that there is a genuine issue for trial.'" Id. at 542 (quoting Fed. R. Civ. P. 56(e)).

## III.

The Eighth Amendment, through its prohibition on cruel and unusual punishment, mandates that prison officials not act deliberately indifferent to a prisoner's serious medical needs by denying or delaying medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to sustain a constitutional claim, a prisoner must make (1) an "objective" showing that the prisoner's medical needs were sufficiently serious and (2) a

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

"subjective" showing that the prison official acted with a sufficiently culpable state of mind. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

A medical need is considered "serious" when it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quotations omitted). We have recognized that the "seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." Id.

"To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). A prison official can be found liable if the official knows of and disregards an excessive risk to an inmate's health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] must also draw the inference." Id. The official's knowledge of a risk can be shown indirectly by circumstantial evidence. Beers-Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001). Deliberate indifference, however, must entail more than mere allegations of malpractice. Monmouth County Corr. Inst. Inmates, 834 F.2d at 346. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (quotations omitted); see also Estelle, 429 U.S. at 106 ("[A] complaint that a

4

physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Mitchell's main contention is that the District Court erred in granting summary judgment by mandating a requirement that he present an expert witness to satisfy his Eighth Amendment claim. Mitchell maintains that he is not required to present an expert witness and that the District Court conflated his constitutional claim with the requirements of a medical malpractice claim. Further, Mitchell argues that an expert witness is not necessary to establish that he had a serious medical need because complications with diabetes and exposure to MRSA are known as serious medical needs.

Mitchell misinterprets the District Court's decision. The District Court acknowledged that generally plaintiffs are not required to provide an expert witness in a deliberate indifference case, but, in this case, Mitchell could not carry his burden of proof without an expert witness. Appendix at 14. We have recognized that "[i]n some situations in which the seriousness of injury or illness would be apparent to a lay person, expert testimony would not be required." Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987). We agree with the District Court that this is not one of those cases. In order to sustain his deliberate indifference claim based on his objection to the type of diagnosis and treatment he received, Mitchell needs to provide the jury with expert testimony because the ability to diagnose a foot infection and determine the proper treatment and medication protocol is not readily apparent to lay persons. Similarly, Mitchell needs to provide the fact finder with expert testimony as to the seriousness of the medical

5

consequences and effects of MRSA[2] and foot ulcers.  See Montgomery v. Pinchak, 294

F.3d 492, 504 (3d Cir. 2002) (noting that the seriousness of diseases, unlike broken legs

or bullet wounds, are not obvious and ascertainable to a lay person and, hence, require

expert testimony); Boring, 833 F.2d at 473-74 (expert testimony needed to determine if

injury to ulnar nerve or knee disorder was serious).[3]

Notwithstanding Micthell's lack of expert testimony, we agree with the District

Court that Mitchell failed to meet his burden of showing a genuine issue of material fact

to sustain summary judgment.  Mitchell has not provided evidence that either McConnell

knew of the inadequacy of his care and disregarded the risk to his safety, nor has he

presented circumstantial evidence in which an inference could be drawn that a reasonable

person could conclude that McConnell was aware of the substantial risk to Mitchell's

health.  The record shows that McConnell met with Mitchell on a weekly basis, provided

treatments of foot soaks as directed by Dr. Skerl, and had Mitchell examined by Dr. Skerl

who never recommended antibiotic treatment.  At best, a fact finder could conclude that

McConnell was negligent in failing to detect symptoms and diagnose the infection.

Mitchell has failed, however, to present any evidence that McConnell acted with

---

[2] This is particularly true in light of the fact that we have previously recognized that "most MRSA skin infections can be treated without antibiotics by draining the sores." Kaucher v. County of Bucks, 455 F.3d 418, 421 (3d Cir. 2006).

[3] Mitchell also contends that it would be inappropriate for an expert witness to testify as to whether McConnell acted with deliberate indifference.  We agree.  However, there is no indication that the District Court was requiring such testimony.  Mitchell was only required to provide expert testimony showing how and why McConnell's treatments or lack of treatments contributed to his harms such that a fact finder could conclude that his actions amounted to deliberate indifference.

deliberate indifference.   Accordingly, we will affirm the District Court's grant of summary judgment on Mitchell's Eighth Amendment claim.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.