**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4041
_____

JUAN DIAZ, JR.,
                              Appellant

v.

WARDEN LEWISBURG USP; REGIONAL MEDICAL DIRECTOR, Name Unknown;
H.S.A. S. BROWN; H.S.A. H. BOYLES; W. DOBUSHAK, MD, DO; I. ALARCON, MD;
K. PIGOS, MD Clinical Director
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-02507)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2015

Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 18, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Juan Diaz, a federal prisoner, appeals the District Court's order granting summary judgment to the defendants. For the reasons set forth below, we will affirm.

Diaz filed a Bivens[1] action in the District Court, alleging that numerous prison officials violated his Eighth Amendment rights by providing him inadequate medical care related to his treatment for varicocele[2] while he was incarcerated at the United States Penitentiary in Hazelton, West Virginia ("USP Hazelton") and the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").[3] The District Court dismissed Diaz's claims against the high-ranking government officials and the Warden of USP Lewisburg on the grounds that Diaz's general allegations of supervisory authority failed to state a constitutional claim. The remaining defendants subsequently moved to dismiss or, in the alternative, for summary judgment, which the District Court granted in favor of the Regional Medical Director, Administrator Boyles, Dr. Dobushak, and Dr. Alarcon on the grounds that Diaz's claims related to his care at USP Hazelton were barred by the statute of limitations.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Varicocele is an enlargement of the veins in the scrotum.

[3] Diaz brought claims against various high-ranking officials within the Department of Justice and the Federal Bureau of Prisons; the Warden of USP Lewisburg; an unnamed Regional Medical Director; Health Services Administrator Boyles; Health Services Administrator Brown; Dr. Alarcon; Dr. Dobushak; and Dr. Pigos.

The District Court allowed Diaz's claims related to his medical care at USP Lewisburg from November 1, 2010, to June 20, 2012, to proceed against Dr. Pigos, the prison's Clinical Director, and Brown, a Health Services Administrator at the prison. Diaz's claims rested on allegations that Brown failed to respond to Diaz's complaints about his medical care and that Dr. Pigos delayed a recommended surgery to treat his varicocele, failed to issue him a support belt that would have alleviated his pain, and prescribed him ineffective pain medication. The Magistrate Judge recommended granting summary judgment in favor of defendants because Diaz failed to establish that Brown had any personal involvement in his medical care or that Dr. Pigos, who was involved in Diaz's care, was deliberately indifferent to his medical needs. Alternatively, the Magistrate Judge concluded that both defendants would be entitled to qualified immunity. The District Court adopted the Magistrate Judge's recommendation in its entirety and granted summary judgment in favor of defendants. Diaz filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo, applying the same standard as the District Court.[4] Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate when the "movant shows that there is no genuine

---

[4] Diaz limits his appeal to the order granting summary judgment in favor of defendants Brown and Dr. Pigos.

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

We agree that defendants Brown and Dr. Pigos are entitled to summary judgment. To succeed on an Eighth Amendment claim for the denial or delay of medical care, Diaz was required to demonstrate that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). Deliberate indifference can be shown by a prison official's "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. We have also found deliberate indifference where prison officials delay necessary medical treatment based on a non-medical reason. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). With respect to medical decisions, however, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal alterations, quotation marks omitted). "[M]ere disagreement as to the proper medical treatment" is insufficient to state a

4

constitutional violation.  Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotation marks omitted).

The summary judgment record shows that there is no genuine dispute that, during his approximately twenty-month incarceration at USP Lewisburg, Diaz received continual medical care for his varicocele.  The prison medical staff evaluated and treated Diaz for complaints related to his varicocele on at least ten occasions, during which time he received medication to manage the associated pain.  Dr. Pigos personally examined Diaz twice and reviewed, approved, and authorized many of the treatment recommendations made by other prison medical staff in his role as Clinical Director.  After complaining of worsening scrotal pain during a visit to the chronic care clinic, Diaz was referred for an ultrasound.  Based on the results of the ultrasound, he was then referred to see an outside urologist for further care, who recommended that Diaz undergo a repeat varicocele ligation.  Specifically, after temporarily placing the referral on hold pending review of further documentation, the prison's Utilization Review Committee ultimately approved the procedure and Diaz underwent surgery at an outside hospital.  After surgery, Diaz received post-operative care, including pain medication management, issuance of a support belt upon Diaz's written request, and two follow-up visits with the outside urologist.  While Diaz believes that his condition required more effective pain medication and the issuance of a support belt prior to surgery, this dispute as to the adequacy of his treatment does not constitute deliberate indifference.  See United States

5

ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979). Moreover, although Diaz claims that his surgery was improperly delayed, he has provided no evidence showing that the scheduling of the surgery, or the Utilization Review Committee's decision to temporarily place his referral for surgery on hold pending review of further documentation, was actually based on a non-medical reason. See Rouse, 182 F.3d at 197.

Furthermore, Diaz has offered no evidence to show that Brown, whose duties were limited to administrative functions, acted with deliberate indifference to Diaz's medical needs. Correctional defendant-administrators who are not themselves physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer, 991 F.2d at 69. "If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill, 372 F.3d at 236. Diaz provided no evidence that Brown provided medical care to Diaz or that his involvement in the matter consisted of anything more than, at most, receiving letters from Diaz expressing his dissatisfaction with the medical care he was receiving.

Accordingly, summary judgment was appropriate on Diaz's Eighth Amendment claims against Dr. Pigos and Brown.[5] We will affirm the District Court's judgment.

---

[5] Because we affirm the District Court's grant of summary judgment in favor of the

defendants on the bases discussed above, we need not address the Magistrate Judge's conclusions that the defendants were entitled to qualified immunity on Diaz's Eighth Amendment claims.