**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3525
_____

ARTHUR L. HAIRSTON, SR.,
                                    Appellant

v.

DR. JAY MILLER, Medical Director;
DEBRA SPOTTS, Assistant Health Services Administrator

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:14-cv-01447)
District Judge:  Honorable John E. Jones III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2016
Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 1, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Arthur Hairston, Sr., a former federal inmate, appeals from the District Court's order granting the defendants' motion to dismiss and motion for summary judgment. For the reasons set forth below, we will affirm.

Hairston was previously incarcerated at the Allenwood Low Security Correctional Institution in Pennsylvania ("LSCI Allenwood") from May 2010 through November 2012. He filed this Bivens[1] action in the District Court against Dr. Jay Miller, the Medical Director at LSCI Allenwood, and Assistant Health Service Administrator Debra Spotts in their personal and official capacities, alleging that they violated his Eighth Amendment rights by delaying and interfering with his treatment for a long-standing back injury while he was incarcerated. Hairston alleged that while he was incarcerated at LSCI Allenwood, he consulted with an outside neurosurgeon who recommended a course of physical therapy for his lower back and bilateral leg pain. The neurosurgeon further indicated that Hairston would need to undergo surgery should physical therapy not provide him relief. Hairston alleged that the defendants were deliberately indifferent to his health by failing to follow the neurosurgeon's recommended course of treatment for his injury, delaying a return visit to the neurosurgeon, and ultimately transferring him to another facility. Hairston sought monetary damages and injunctive relief.

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

The defendants filed a motion to dismiss, arguing that sovereign immunity barred Hairston's constitutional claims for money damages against them in their official capacities, and a motion for summary judgment, arguing that Hairston received medical care that satisfied the Eighth Amendment. In support of their motion for summary judgment, the defendants submitted records detailing the treatment Hairston received for his back injury while incarcerated at LSCI Allenwood. The Magistrate Judge recommended granting the defendants' motion to dismiss and motion for summary judgment, concluding that sovereign immunity barred the claim for money damages against the defendants in their official capacities and that Hairston failed to present evidence from which a reasonable trier of fact could conclude that the defendants were deliberately indifferent to a serious medical need. The District Court adopted the Magistrate Judge's recommendation in its entirety over Hairston's objections and granted the defendants' motions to dismiss and for summary judgment. Hairston appeals.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), see Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012), and for summary judgment under Federal Rule of Civil Procedure 56, see Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to

_____

[2] He also requests that we order the appellees to send him a copy of their joint appendix.

3

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

We agree with the District Court's disposition of this case. To the extent Hairston sought monetary damages against the defendants in their official capacities, dismissal of those claims based on sovereign immunity was proper. See Treasurer of N.J. v. U.S. Dep't of the Treasury, 684 F.3d 382, 395 (3d Cir. 2012); Chinchello v. Fenton, 805 F.2d 126, 130 n.4 (3d Cir. 1986). Moreover, as the District Court correctly determined, Hairston's request for injunctive relief against the defendants was rendered moot by his release from federal prison. See Sutton v. Rasheed, 323 F.3d 236, 248-49 (3d Cir. 2003); Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993).

We further agree with the District Court's conclusion that Miller and Spotts are entitled to summary judgment on Hairston's Eighth Amendment claims against them in their personal capacities. To succeed on an Eighth Amendment claim for the denial or delay of medical care, Hairston was required to demonstrate that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). Deliberate indifference can be shown by a prison official "intentionally

4

denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. With respect to medical decisions, however, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains in a question of sound professional judgment." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal alterations, quotation marks omitted). "[M]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citation and internal quotation marks omitted).

The summary judgment record shows that there is no genuine dispute that, during his incarceration at LSCI Allenwood, Hairston received medical care for his back condition that satisfies the Eighth Amendment.[3] Specifically, while incarcerated, Hairston was evaluated by an outside neurosurgeon in January 2011 for complaints of lower back pain and bilateral leg pain. The neurosurgeon recommended physical therapy, and advised that surgery would be necessary if physical therapy was unsuccessful. Accordingly, a request for physical therapy was submitted to the prison's

_____

[3] In his brief, Hairston argues that summary judgment should be precluded because the District Court improperly concluded that his complaint cannot serve as an affidavit in opposition to a motion for summary judgment because it was not signed under penalty of perjury, despite the fact that it referenced 28 U.S.C. § 1746. However, even construing

5

Utilization Review Committee and, in March 2011, Hairston was seen by a physical therapist who attempted to show Hairston exercises he could do for his back. Hairston, who resided in the Special Housing Unit at the time and who was restrained in handcuffs during the physical therapy session, complained about his restraints and was inattentive to the exercises he was being shown. He met with a physical therapist two additional times and similarly complained of being restrained and was uncooperative. During this time, Hairston was also seen repeatedly by Dr. Miller and other medical providers at the prison, who endeavored to relieve his back pain by frequently adjusting his medications and educating him on pain management. Hairston did not always cooperate with his prescribed treatments.

In August 2012, Hairston received a follow up letter from the outside neurosurgeon recommending that he be re-evaluated. Accordingly, Hairston was scheduled for a return appointment with the neurosurgeon for October 30, 2012. Due to security- and weather-related issues from an expected severe storm, the appointment was cancelled and rescheduled for December 13, 2012. On November 5, 2012, however, Hairston was transferred from LSCI Allenwood to another facility after it was determined that Hairston's condition did not warrant placing a medical hold on him. While Hairston believed that his condition required more extensive physical therapy, immediate surgery, and the placement of a medical hold prohibiting his transfer to another prison, the record

the complaint as an "affidavit," Hairston fails to set forth specific facts showing a

reveals that he received continual care for his back pain.  His dispute as to the adequacy of his treatment or the professional judgment of the prison medical officials does not describe a case of deliberate indifference.  See United States ex rel. Walker v. Fayette Cty., 599 F.2d 573, 575 n.2 (3d Cir. 1979); Inmates of Allegheny Cty. Jail, 612 F.2d at 762.

Furthermore, Hairston has offered no evidence to show that Spotts, whose duties were limited to administrative functions, acted with deliberate indifference to Hairston's medical needs.  Correctional defendant-administrators who are not themselves physicians cannot "be considered deliberately indifference simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor."  Durmer, 991 F.2d at 69.  "If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."  Spruill, 372 F.3d at 236.  Hairston provided no evidence that Spotts provided medical care to Hairston or that her involvement in the matter was anything more than administrative in nature.  As the record does not support a finding of deliberate indifference, the District Court properly granted summary judgment to the defendants.

Finally, to the extent that Hairston asserts in his brief that the Magistrate Judge and District Judge should have recused themselves, the District Court did not abuse its

genuine issue for trial.

7

discretion in denying Hairston's motion to recuse.  See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).  Pursuant to 28 U.S.C. § 144, a party may seek to recuse a federal judge on the basis of bias or prejudice.  Section 455 of title 28 requires a judge to recuse where his or her impartiality might reasonable be questioned.  Neither of these statutes provides a basis for recusal where, as here, a litigant is simply dissatisfied with the District Court's legal rulings.  Id.

Accordingly, we will affirm the District Court's judgment.  As defendants did not file a joint appendix, Hairston's motion requesting a court order for defendants to send him a copy of their joint appendix is denied.