BLD-427 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1588
_____

DARRELL PARKS,
Appellant

v.

ANDREW EDINGER, Medical Doctor;
KEVIN PIGOS, Medical Director Doctor;
FRANCIS FASCIANA, Mid Level Practitioner;
LAWRENCE KARPIN, Chief Psychologist;
DR. CANNON, Psychologist; B. TAGGART, Deputy Captain;
MR. SHERMAN, Lieutenant; JOHN DOE #1 ADMINISTRATIVE REMEDY
COORDINATOR, #710756-F1; JOHN DOES #2, sign for warden on #690775-F1;
J. E. THOMAS, Warden; JOHN DOE #3 NORTHEAST REGIONAL
ADMINISTRATIVE REMEDY COORDINATOR OF #710756-F1;
J. L. NORWOOD, Northeast Regional Director;
HARRELL WATTS, Administrative National Inmate Appeal
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:13-cv-01834)
District Judge Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2016

Before: KRAUSE, SCIRICA and FUENTES, Circuit Judges
(Opinion filed: October 14, 2016)

———————

OPINION[*]

———————

PER CURIAM

Darrell Parks appeals from the final judgment of the United States District Court for the Middle District of Pennsylvania. As the appeal does not present a substantial question, we will summarily affirm the District Court's decision.

Parks, a federal prisoner formerly housed at United States Penitentiary ("USP") Lewisburg in the Special Management Unit ("SMU"), sued several officials and medical professionals at the prison. Because we write primarily for the parties, who are familiar with the facts, we summarize that Parks brought claims relating to the denial of adequate medical treatment for his sarcoidosis as well as his mental health condition. Parks also challenged his placement in the SMU which, he claimed, negatively affected his mental state. The defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment, which Parks opposed. Upon review of the parties' submissions, the District Court granted the defendants' motion. Parks timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's order granting summary judgment.[1] See Wiest v. Tyco Elecs.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] It is clear from the analysis of the claims and the entry of judgment in favor of the defendants that the District Court was granting the motion for summary judgment.

2

Corp., 812 F.3d 319, 327-28 (3d Cir. 2016). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. See Third Cir. LAR 27.4; I.O.P. 10.6.

We will not repeat every portion of the analysis in the District Court's thoughtful and well-reasoned opinion. Briefly, as the District Court explained, Parks failed to exhaust his administrative remedies with respect to his claim that he was denied adequate medical treatment for his sarcoidosis. See Booth v. Churner, 532 U.S. 731, 739 (2001). Although Parks filed administrative grievances with regard to other medical conditions, the record reflects that he did not do so with respect to his sarcoidosis. Accordingly, he did not properly exhaust his administrative remedies as to this claim and thus, it was procedurally defaulted. See Spruill v. Gillis, 372 F.3d 218, 232, 228-31 (3d Cir. 2004).[2]

Additionally, we conclude that there is no substantial question concerning the propriety of the District Court's disposition of Parks' claim concerning his psychiatric treatment. In the context of an Eighth Amendment claim based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571

---

[2] Parks cites no circumstances, and we find none on this record, that warrant excusing his procedural default. However, even if Parks had set forth valid reasons for his failure to exhaust this claim administratively, we agree with the District Court that the record supports a finding that Parks received adequate medical care for his sarcoidosis.

3

F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted). Although Parks asserted that he was not provided with adequate mental health care, the record evidence does not support a finding that the defendants were deliberately indifferent to his needs. Rather, the record shows that Parks' mental health condition was consistently evaluated and treated while at the prison.[3] That he differed with his diagnosis and/or course of treatment does not suggest that his medical providers were deliberately indifferent to his needs. See United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979).

Parks also argued that his constitutional rights had been violated in connection with his placement in the SMU. The District Court did not err in granting the defendants' motion for summary judgment on this due process claim. A prisoner's procedural due process rights are violated when he is deprived of a legally cognizable liberty interest, which occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In considering whether a custody classification triggers a legally cognizable liberty interest, courts consider the duration of the confinement, and the conditions of that

---

[3] Additionally, Parks has offered no evidence to show that the prison officials acted with deliberate indifference to his health and safety during the brief periods he was exposed to chemical munitions which may have exacerbated his asthma and/or sarcoidosis. According to the evidence, Parks was seen and successfully treated for his periodic respiratory attacks, including treatment that was performed after secondary exposure to a chemical substance which may have exacerbated his respiratory conditions.

confinement in relation to other prison conditions.  Id. at 486.  Here, there is nothing in the record to suggest that Parks' placement in the SMU was improper.  Nor are there any facts to suggest that he was subjected him to "atypical or significant hardship" while housed there.  Chiefly, Parks complained that his placement in the SMU prohibited him from receiving adequate care for his mental health condition.  However, as we noted previously, the record supports a finding that Parks was consistently treated for his condition while at the prison.[4]

For these reasons, we will affirm the District Court's judgment.

---

[4] We also note that Parks failed to set forth any information from which a jury could conclude that his placement in the SMU "exacerbated" his mental condition.