ALD-280                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1277
_____

CHRISTOPHER YOUNG,
                                    Appellant

v.

JOSE BOGGIO; ROBERT MAXA; JERI SMOCK; ALEXIS SECARA;
DANIEL STROUP; JOSEPH SILVA; MICHAEL CLARK; ANDREA NORRIS;
CORRECT CARE SOLUTIONS; JOHN WETZEL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:17-cv-00125)
Magistrate Judge: Honorable Richard A. Lanzillo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 12, 2019
Before: McKEE, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed:  September 30, 2019)
_____

OPINION*
_____

PER CURIAM

        Christopher Young appeals the dismissal of his civil rights action for failure to state

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

a claim. Because this case does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Young brought suit pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights while he was incarcerated at the State Correctional Institution at Albion ("SCI Albion"). Young named multiple defendants, who fell into two categories: the medical personnel that treated Young (the "Medical Defendants")[1] and the various administrative staff of the Department of Corrections ("DoC Defendants").[2] Young generally alleged that the Medical Defendants deprived him of necessary medical care, while the DoC Defendants did nothing to intervene despite their alleged awareness of Young's serious medical needs. Both sets of defendants filed motions to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). In response, Young filed a motion for summary judgment.

The Magistrate Judge ultimately granted both motions to dismiss.[3] With regard to the Medical Defendants, the Magistrate Judge thoroughly detailed the various medical treatments and medications administered during the one-year period described in Young's amended complaint. Young underwent a colonoscopy, endoscopy, ultrasound, and a CAT scan in an attempt to diagnose the source of his symptoms, which revealed that he had a

---

[1] These defendants included prison physicians Jose Boggio and Robert Maxa, physician assistants Alexis Secara and Daniel Stroup, and Correct Care Solutions ("CCS").

[2] These defendants consisted of Superintendent Michael Clark, Correctional Health Care Administrator Jeri Smock, Bureau of Healthcare Services Directors Andrea Norris and Joseph Silva, and Secretary of the Department of Corrections John Wetzel.

[3] The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

2

mild form of erosive reflux and related disorders. The Medical Defendants treated Young's symptoms with various medications, and even gave Young the option to select his own medications when he felt his previous medications were ineffective. The Magistrate Judge held that Young could not maintain an Eighth Amendment claim because there was no question that Young had received medical care to address his symptoms, and the mere dissatisfaction with that care was not actionable under the Eighth Amendment. To the extent Young alleged that Dr. Boggio may have been motivated by non-medical reasons in delaying treatment of Young with Carafate, a drug Young insisted on, the Magistrate Judge held that Dr. Boggio's treatment of Young was not clearly inadequate. Indeed, the Magistrate Judge determined that Dr. Boggio treated Young with a host of medications (including Carafate), and the decision to attempt other medications (and delay the use of Carafate) was medically based on the fact that Young did not have ulcers of the stomach.[4]

As to the DoC Defendants, the Magistrate Judge held that non-physician prison officials allegedly failing to directly respond to a prisoner's medical complaints are not deliberately indifferent to that prisoner's medical needs when that prisoner is already in the care of the prison's physicians. Additionally, the Magistrate Judge noted that supervisory officials must play an affirmative part in the complained-of misconduct and further determined that Young's allegations were based on the DoC Defendants' roles in the grievance process, which is insufficient to demonstrate actual knowledge. Accordingly, the

---

[4] Similarly, the District Court determined that Dr. Maxa's refusal to immediately prescribe Carafate to Young amounted to nothing more than a disagreement between an inmate and his treating physician over alternative treatment plans, which was not actionable under the Eighth Amendment.

3

Magistrate Judge granted both motions to dismiss and denied Young's motion for summary judgment. Young timely appealed.

We have jurisdiction over the appeal of the Magistrate Judge's judgment. See 28 U.S.C. §§ 636(c)(3), 1291. We review the grant of a motion to dismiss pursuant to Rule 12(b)(6) de novo. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id.

We agree with the Magistrate Judge that Young failed to allege an Eighth Amendment claim against either group of defendants. As to the Medical Defendants, Young failed to allege that they were deliberately indifferent to his medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Young did not allege—nor could he—that he was refused medical care or treatment. See Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) ("[T]here is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" (quoting United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (per curiam))). To the contrary, as mentioned above and more thoroughly detailed in the Magistrate Judge's opinion, Young was seen numerous times by the Medical Defendants, given various medical tests, and prescribed medication to address his medical problems. Not only is there nothing to suggest that the treatment methods employed by the Medical Defendants

4

violated professional standards of care, Young's allegations of dissatisfaction with that treatment will not support an Eighth Amendment claim. See id. ("Because 'mere disagreement as to the proper medical treatment' does not 'support a claim of an [E]ighth [A]mendment violation,' when medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." (citation omitted) (quoting Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987))). Furthermore, with regard to Dr. Boggio's alleged budgetary motivations in delaying the prescription of Carafate, we agree with the Magistrate Judge that Young's own amended complaint undercuts this allegation, as it describes the medical reasoning behind the delay. See id.; Am. Compl. ¶ 19. Consequently, the Magistrate Judge properly dismissed the claims against the Medical Defendants.[5]

The Magistrate Judge also correctly dismissed the claims against the DoC Defendants, as it is undisputed that Young was receiving medical care from medical professionals at SCI Albion. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (noting that if an inmate is under the care of medical experts, "non-medical prison official[s] [like DoC Defendants] will generally be justified in believing that the prisoner is in capable hands"). Young failed to adequately allege the DoC Defendants had the requisite knowledge needed to maintain a deliberate indifference claim. See id. ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a

---

[5] For the reasons thoroughly detailed in the Magistrate Judge's opinion, we also agree that Young failed to allege that CCS, the entity under contract to provide health care services at SCI Albion, had a policy or custom that directly caused him constitutional harm. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583–84 (3d Cir. 2003).

5

prisoner, . . . non-medical prison official[s] like [DoC Defendants] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."). Moreover, the Magistrate Judge correctly determined that Young failed to allege the requisite personal involvement needed to maintain a § 1983 claim against the DoC Defendants. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (noting that supervisory liability cannot be predicated solely on respondeat superior and finding an amended complaint failed to allege facts that, if proven, would show personal involvement in alleged wrongdoing).

Finally, the Magistrate Judge did not err in dismissing the complaint without providing Young an opportunity to further amend, because, as his amended complaint demonstrates, amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, for the foregoing reasons, we will summarily affirm the Magistrate Judge's judgment. In light of our disposition, Young's pending motion for appointment of counsel is denied as moot.