ALD-038                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2758
_____

ADAM WENZKE,
                                    Appellant

v.

PAOLA MUNOZ, Mental Health Director, in her Official and Individual Capacity;
MENTAL HEALTH DOCTOR SUSAN MUMFORD;
CONNECTIONS, in their Official Capacity;
MENTAL HEALTH DOCTOR MOSES
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-00299)
District Judge:  Honorable Maryellen Noreika
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2019

Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 6, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Adam Wenzke, proceeding in forma pauperis, appeals from the order dismissing his amended complaint for failure to state a claim. Because this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Wenzke is a Delaware state prisoner at the James T. Vaugh Correctional Center ("JTVCC"). His amended complaint presented claims against the defendants under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), and state law. He primarily alleged that the defendants refused to provide him with the medications he knows to be most effective for his bipolar disorder, depression, and anxiety. Wenzke also claimed that one defendant prescribed Cymbalta, which caused intolerable side effects (such as night sweats, involuntary movements, and severe restlessness) and otherwise failed to manage his symptoms. He further alleged that another defendant refused to treat the side effects of Cymbalta as well as Wenzke's underlying conditions. Additionally, Wenzke alleged that the prison's mental health director failed to respond to his requests for treatment, and that his mental healthcare providers never disclosed the potential side effects of long-term medication use.[1]

Thereafter, the defendants moved to dismiss Wenzke's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The District

---

[1] Wenzke's complaint expressed his concern that his symptoms reflect one or more tardive syndromes, which are neurological disorders that affect some people who have taken anti-psychotic drugs for a long time. See Am. Complaint ¶ 19 and Exhibit C, ECF No. 15.

Court granted the defendants' motion, finding that Wenzke's allegations did not implicate the Eighth Amendment and that his ADA claims failed as a matter of law. The District Court declined to exercise supplemental jurisdiction over Wenzke's state law claims and ruled that further amendment would be futile.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Dismissal is appropriate if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We review the District Court's decision to refrain from exercising supplemental jurisdiction over Wenzke's state law claims for an abuse of discretion. Bright v. Westmoreland Cty., 443 F.3d 276, 286 (3d Cir. 2006).

The District Court correctly dismissed Wenzke's Eighth Amendment claims. To state an Eighth Amendment claim, a plaintiff must allege acts or omissions by prison officials that indicate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A plaintiff may show deliberate indifference by establishing that the defendants "intentionally den[ied] or delay[ed] access to medical care." Estelle, 429 U.S. at 104–05. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citation omitted).

3

Although Wenzke did not receive the medication he requested, by his own account, he was not denied medical care. Rather, his allegations indicate that he received medical attention on numerous occasions and in direct response to his complaints. For example, Wenzke alleged that one defendant agreed to stop prescribing him Cymbalta at his request, and a dentist examined him after he requested a mouthguard to address his teeth-grinding (a purported side effect of the Cymbalta).[2] Even if Wenzke's allegations could rise to the level of negligence, simple negligence cannot support an Eighth Amendment claim. See Estelle, 429 U.S. at 106. Because the individual defendants did not violate Wenzke's constitutional rights, he did not state a claim against the corporate medical provider.[3] See Natale, 318 F.3d at 583–84 (holding that corporations can only be held liable with evidence that there was "a relevant [corporate] policy or custom, and that the policy caused the [alleged] constitutional violation").

Likewise, the District Court was correct to hold that Wenzke's claims were not properly brought under the ADA. See Haberle v. Troxell, 885 F.3d 170, 178 (3d Cir. 2013) (describing requirements for prima facie case under Title II of the ADA); Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) (concluding that a lawsuit

---

[2] Wenzke's allegation that prison healthcare practitioners failed to warn him about the possibility of tardive syndrome does not rise to the level of "deliberate indifference" required by Estelle. See 429 U.S. 104–05. Moreover, as Wenzke claimed to have been diagnosed with and treated for various mental illnesses long before he was transferred to JTVCC, it is unclear whether the defendants would bear the professional responsibility to issue such a warning.

[3] Also, Wenzke's complaint failed to identify a relevant policy or custom.

4

under the ADA "cannot be based on medical treatment decisions").  Wenzke also did not allege any facts that could constitute a Fourteenth Amendment violation.

As Wenzke failed to state a claim regarding his federal causes of action, the District Court did not abuse its discretion in dismissing Wenzke's state law claims for lack of supplemental jurisdiction.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181 (3d Cir. 1999).  Finally, the District Court did not err in its refusal to grant Wenzke leave to again amend his complaint, as such amendment would be futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Because this appeal presents no substantial question, we will affirm.  Wenzke's motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155–56 (3d Cir. 1993).